Tom **CURTIS**, District Attorney, Petitioner,

v.

Edward B. **NOBLES**, Judge, Respondent.

No. 9154.

Court of Civil Appeals of Texas, Amarillo.

Oct. 17, 1979.

Rehearing Denied Oct. 31, 1979.

Thomas A. Curtis, Dist. Atty., Amarillo, pro se.

Joe Harlan, Gibson, Ochsner & Adkins, Amarillo, for respondent.

PER CURIAM.

In this original proceeding, Tom Curtis, District Attorney of the 47th Judicial District, was granted leave to file a petition seeking a writ of mandamus against the Honorable Edward B. Nobles, Judge of the 108th Judicial District Court. The district attorney seeks to compel Judge Nobles to withdraw his 4 September 1979 order for a temporary injunction entered in Cause No. 59,147 pending on the docket of the 108th Judicial District Court, and to enter an order for a temporary injunction in compliance with our mandate issued in *Southwestern Newspapers Corp. v. Curtis,* 584 S.W.2d 362 (Tex.Civ.App.—Amarillo 1979, no writ), which directed the issuance of a writ of temporary injunction denied by the trial court. We conditionally grant the writ.

Our jurisdiction to entertain the mandamus proceeding has been challenged on behalf of Judge Nobles. It suffices to state that when a court of civil appeals has mandated the trial court to enter a particular judgment, jurisdiction over the matter remains with the appellate court until the particular judgment has been entered, and compliance with the mandate may be enforced by writ of mandamus. *Witherspoon v. Daviss,* 163 S.W. 700 (Tex.Civ.App.—Austin 1914, no writ). *Accord, Salgo v. Hoffman,* 521 S.W.2d 922, 925 (Tex.Civ.App.—Dallas 1975, no writ); *Uvalde Paving Co. v. Brooks,* 86 S.W.2d 49, 51 (Tex.Civ.App.—Dallas 1935, no writ).

Consequently, there properly is before us the question whether the trial court's 4 September 1979 order for a writ of temporary injunction is in compliance with the mandate we issued in *Southwestern Newspapers Corp. v. Curtis, supra.* We conclude that the temporary injunction order, which transgresses the circumscription of the trial pleadings and evidence, is broader than the direction of our mandate to afford the relief pleaded for and proved.

In the trial court's pending Cause No. 59,147, Southwestern Newspapers Corporation, a newspaper publisher, brought an action against Tom Curtis, the 47th Judicial District Attorney, seeking consecutive orders to temporarily restrain, temporarily enjoin and perma-

nently enjoin the district attorney. *The publisher sought to temporarily restrain and temporarily enjoin the district attorney from enforcing a rule denying the publisher and its reporters access to official news sources in the office of the district attorney without an appointment, which is not required of other news media personnel.* On a final hearing, the publisher seeks, in addition to the enjoinment of the appointment requirement, an order "to accord to Plaintiff [Southwestern Newspapers Corporation] and its reporters and representatives all rights, privileges, and courtesies given to another member of the news media." (Emphasis supplied.)

*Southwestern Newspapers Corp. v. Curtis, supra,* at 363. The trial court refused the application for an *ex parte* temporary restraining order and, after hearing the publisher's evidence bearing on the pleaded right to a temporary enjoinment, denied a temporary injunction. The publisher appealed.

The italicized portion of the above cited pleadings described the action that should be temporarily enjoined, thereby circumscribing the matter for consideration by the trial court and this Court on appeal. By this pleading, the publisher explicitly requested the temporary enjoinment of the district attorney from enforcing his appointment-for-access rule imposed only against the publisher and its reporters. This was the sole issue; no other aggravation warranting temporary relief was mentioned.

Given the explicit pleadings for temporary injunctive relief, we noticed the legal principles, constitutional and otherwise, governing the varying positions the parties adopted with respect to the pleadings, and we reviewed the evidence adduced to support the relief pleaded. After considering these matters in their proper perspectives, we wrote:

Upon the pleadings and proof, the publisher established its entitlement to a preservation of the status quo pending a trial on the merits of the right to a permanent injunction.

584 S.W.2d at 368. Next, determining that the specificity requirements of the injunction statute posed no bar to the relief sought and to be granted, we declared:

The only relief pleaded for and merited by the evidence is simply the temporary enjoinment of the district attorney, until a final hearing is held, from requiring the publisher and its reporters to make appointments for access to official news sources available in the district attorney's office to representatives of other news media without the requirement of appointments.

584 S.W.2d at 368–69. Then, by way of recapitulation, we said:

In summary, the law mandates that, absent some compelling government interest to the contrary, the publisher and its reporters are entitled to the same access and, within reasonable limits, access with equal convenience to the official news sources in the district attorney's office as are accorded to representatives of other news organizations. Such access has been denied to the publisher and its reporters by the district attorney's imposition of the requirement of appointments, which are not required of representatives of other news organizations. Under this record, the evidence does not support any legal theory upon which the trial court's judgment denying a writ of temporary injunction can be upheld and, consequently, the court abused its discretion by denying a writ of temporary injunction.

584 S.W.2d at 369. We remanded the cause to the trial court with instructions to proceed with the issuance of the writ of temporary injunction in accordance with our opinion. Upon receipt of the mandate, the trial court entered its order for the issuance of

a writ of injunction pending final hearing and determination of this cause restraining and enjoining the Defendant TOM CURTIS and all persons in active concert and participation with him from:

1. Requiring SOUTHWESTERN NEWSPAPERS CORPORATION dba

AMARILLO GLOBE–NEWS and its reporters to make appointments for access to official news sources available in the District Attorney's office to representatives of other news media without the requirement of appointments; and

2. Denying SOUTHWESTERN NEWSPAPERS CORPORATION dba AMARILLO GLOBE–NEWS and its reporters the same access within reasonable limits to the official news sources in the District Attorney's office with equal convenience as accorded to representatives of other news organizations.

The injunctive command expressed in paragraph 1 of the court's order is the only temporary relief prayed for by the publisher and merited by the evidence as set forth in our opinion. While the writing appearing in paragraph 2 of the order stems from language found in our opinion, the analogous language in the opinion was not used with reference to a pleaded claim of a right denied from which temporary relief was sought; instead, the language merely positioned the constitutional right underlying the publisher's specifically pleaded denial of access by the requirement of appointments imposed only on it and its reporters.

Except for the establishment of denial of access by the requirement of appointments, the publisher neither pleaded nor presented evidence to show that it and its reporters otherwise were denied equal access with equal convenience to official news sources in the district attorney's office as is accorded representatives of other news media organizations. Thus, the relief purportedly granted in paragraph 2 of the injunctive order, akin only to the relief pleaded for on

a final hearing on the merits, is unauthorized by the pleadings and the evidence adduced thereunder for a temporary injunction, and is not in compliance with our mandate.

■ It is, of course, axiomatic that a judgment shall conform to the pleadings and the nature of the case proved. Tex.R. Civ.P. 301. Therefore, a party must recover in the right in which he sues and upon proof of the facts stated in his pleadings, and he cannot recover through a right not asserted. *Starr v. Ferguson,* 140 Tex. 80, 166 S.W.2d 130, 132 (1942).

The only relief pleaded for and proved by the publisher and justified under our mandate is the relief expressed in paragraph 1 of the court's injunctive order. We are confident that Judge Nobles will withdraw his 4 September 1979 order and, in lieu thereof, issue a similar order for a writ of temporary injunction which does not contain the language appearing in paragraph 2 of the replaced order. The writ of mandamus will issue only if he should fail to do so.

The writ of mandamus is conditionally granted.

All costs of this proceeding have been paid and, because Judge Nobles acted in his judicial capacity, no costs are adjudged against him.