

# The Attorney General of Texas

October 9, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tom Curtis
District Attorney
47th Judicial District
Amarillo, Texas 79101

Opinion No. MW-252

Re: Authority of county to pay court costs incurred by a district attorney

Dear Mr. Curtis:

You ask whether Potter County has authority to pay court costs for the transcript, statement of facts, and filing fee adjudged against the district attorney of the 47th Judicial District in Southwestern Newspapers Corporation v. Curtis, 584 S.W. 2d 362 (Tex. Civ. App. - Amarillo 1979, no writ), and filing fees advanced by him in the related case, Curtis v. Nobles, 588 S.W. 2d 687 (Tex. Civ. App. - Amarillo 1979, no writ). The suit arose out of the district attorney's decision to deny a particular newspaper access to official news sources in his office without an appointment. See Attorney General Opinion MW-158 (1980).

Several opinions of this office have considered whether a governing body has authority to hire attorneys to defend public officials or employees against suits arising out of their public duties. See Attorney General Opinions H-887 (1976); H-544 (1975); H-70 (1973). We believe the standards articulated in these opinions also govern whether court costs and filing fees may be paid.

Attorney General Opinion H-70 (1973) concerned the purchase at public expense of liability insurance to protect school trustees against the costs of litigation growing out of the discharge of their official duties. The opinion stated as follows:

> Where a Texas governing body believes in good faith that the public interest is at stake, even though an officer is sued individually, it is permissible for the body to employ attorneys to defend the action. . . . The propriety of such a step is not made dependent upon the outcome of the litigation, but upon the bona fides of the governing body's motive.

This rationale was followed in Attorney General Opinion H-544 (1975) which determined that the commissioners court may pay the legal expenses of a judge in defending a lawsuit which arose out of his conducting a court of inquiry. Although the county was not obligated to pay such expenses, it could do so if it determined it was in the county's interest to pay them. Attorney General Opinion H-887 (1976) stated that a general law city could hire an attorney to defend a city official or employee against lawsuits arising out of actions taken within the scope of his public duties.

In Letter Advisory No. 24 (1973), this office considered the constitutionality of article 332c, V.T.C.S., then pending legislation. This statute provides for the defense of county officials and employees by district or county attorneys or by county-paid private counsel, in certain lawsuits brought against them by non-political entities. The letter advisory found the statute constitutional if limited "to those circumstances where the interest of the county, not in conflict with those of the state, are at stake, and where there is a good faith showing that the individual sued was acting within the scope of his authority in the performance of public duties."

We believe the county may pay the costs you inquire about if it reasonably believes its interest is at stake, and if the district attorney sued was acting within the scope of his authority in the performance of public duties. If this showing is made, we believe the county would have implied authority to pay these expenses under article 332a, V.T.C.S., which authorizes the county to pay the expenses incident to the operation of the district attorney's office. Whether the action giving rise to the lawsuits was within the scope of the district attorney's authority is a fact question which cannot be resolved in the opinion process. See Attorney General Opinion H-887 (1976). The county must resolve this in accordance with the guidelines set forth in this opinion. Of course, it is possible that some or all of these fact questions may be addressed by the trial court when it considers the case on remand.

You also ask whether the county is required by law to pay these court costs or filing fees. We find no statute which requires the county to pay these expenses. Although article 332c, V.T.C.S., requires that legal representation be provided for county officials or employees sued by a non-political entity, this statute does not apply to district offices. See Attorney General Opinion H-656 (1975) (district attorney is district, not county, officer).

You finally ask whether the State of Texas is required by law to pay the court costs and filing fees incurred by the district attorney. Article 6252-26, V.T.C.S., makes the state liable for actual damages, court costs and attorney fees adjudged against officers or employees of any agency, institution or department of the state. It is unnecessary to determine if article 6252-26 would apply in the case of a suit against a district attorney, since the state has no liability unless the Attorney General has been given an opportunity to defend the suit as required by section 3 thereof. No such request was made here. Consequently, article 6252-26 does not entitle him to court costs.

## S U M M A R Y

Potter County has the authority to pay court costs adjudged against the district attorney and filing fees advanced by him in connection with a lawsuit against him if the county reasonably believes its interest is at stake and if the lawsuit arose out of actions taken by the district attorney in the performance of his public duties.  Neither the county nor the state is required by law to pay the district attorney's court costs and filing fees.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Walter Davis
Rick Gilpin
Bruce Youngblood