

# The Attorney General of Texas

April 3, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Billy Fred Lacy
Potter County Auditor
Courthouse
Amarillo, Texas 79101

Opinion No.  MW-158

Re:  Whether a county is liable for court costs assessed against the district attorney.

Dear Mr. Lacy:

You ask whether the commissioners court of Potter County should reimburse the district attorney under article 6252-19b, V.T.C.S., for court costs assessed against him by the court of civil appeals. The suit arose out of the district attorney's decision to deny a particular newspaper access to official news sources in his office without an appointment.  Other newspapers were not subject to the same rule. The paper sued to enjoin this practice. In Southwestern Newspapers Corporation v. Curtis, 584 S.W.2d 362 (Tex. Civ. App. — Amarillo 1979, no writ), the court of civil appeals reversed the trial court denial of a temporary injunction. See also Curtis v. Nobles, 588 S.W.2d 687 (Tex. Civ. App. — Amarillo 1979, no writ).  The court of civil appeals assessed the costs of the appeal against the district attorney. He has paid them and now seeks reimbursement from the county.

You specifically ask whether the following provision enacted by the 66th Legislature permits the county to pay the costs assessed against the district attorney in defense of this suit:

> Section 1.  In this Act 'employee' includes an elected official and any other officer or employee, a former officer or employee or their estates, of a county, city, town, special purpose district, or any other political subdivision of this state.

> Sec. 2. (a) A county, city, town, special purpose district, or any other political subdivision of the state may pay actual damages, court costs, and attorney's fees adjudged against its employee, if damages are based on an act or omission by the employee in the course and scope of his or her employment for such political subdivision and if the damages arise out of a cause of action for negligence, except a wilful or

wrongful act or omission or an act or omission constituting gross negligence or for official misconduct.

Acts 1979, 66th Leg., ch. 744, at 1830, to be codified as V.T.C.S. art. 6252–19b. We note initially that this provision permits, but does not require, the political subdivision to pay court costs under certain conditions. Compare V.T.C.S. art. 6252–26 (state shall pay actual damages, court costs, and attorney fees). Thus, even if all conditions necessary for payment of expenses are present, the county may choose not to pay them.

In the case you inquire about, at least one prerequisite for reimbursement of the district attorney's court costs is absent. We do not believe the suit arose out of a cause of action for negligence. Rather, it was a suit for a temporary injunction based upon the deprivation of a constitutionally protected right. The decision of the court to grant the temporary injunction was not based upon any allegations or proof of negligence on the part of the district attorney. Unlike article 6252–26, V.T.C.S., which provides for the payment of damages, costs and attorney's fees adjudged against an officer or employee arising out of a cause of action for deprivation of a constitutional right under certain circumstances, article 6252–19b, V.T.C.S., contains no such provision and is restricted in its scope to negligence actions. Consequently, the recently enacted statute does not allow payment of the district attorney's court costs. You do not inquire about and we do not address any other possible bases for reimbursing these costs. See V.T.C.S. art. 332c; Attorney General Opinions H–887 (1976); H–544 (1975); Letter Advisory No. 24 (1973).

### S U M M A R Y

Article 6252–19b, V.T.C.S., does not permit the county to pay court costs incurred by the district attorney in defending an injunction suit arising out of his intentional restriction on the access of a newspaper publisher to official news sources in his office.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

Honorable Billy Fred Lacy   -   Page Three   (MW-158)

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood