**MID PLAINS REEVES, INC., Relator,**

v.

**Honorable Pat M. BASKIN,
Respondent.**

**No. 08–90–00203–CV.**

Court of Appeals of Texas,
El Paso.

June 15, 1990.

Charles A. Nicholson, Law Offices of Pat Maloney, P.C., San Antonio, for relator.

Pat M. Baskin, Judge, 142nd District Court, Midland, David L. Orr, Douglas Dodds, McGinnis, Lochridge & Kilgore, Austin, for respondent.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

The Relator seeks relief in the form of a writ of prohibition directed to the Respondent, foreclosing the pleading, proof, argument and jury consideration of certain issues raised by the Third Amended Answer and Counterclaim of the real party in interest, Farmland Industries, Inc. Relator originally brought suit against Farmland in Respondent's court for breach of a gas purchase contract. The contract consisted of a May 15, 1987 written agreement and two subsequent letter exchanges between the parties on May 19 and June 17, 1987. During the first stage of this suit, both sides argued that the combined terms of these three written documents were unambiguous, although urging opposite interpretations as to the purchase obligation of Farmland. The trial court initially granted a summary judgment for defendant Farmland, denying Relator any recovery. Relator appealed to this Court, resulting in a reversal of the summary judgment. *Mid Plains Reeves, Inc. v. Farmland Indus-*

*tries, Inc.,* 768 S.W.2d 318 (Tex.App.—El Paso 1989, writ denied). This Court held that the original contract had been successively modified by the letter agreements and that the final modification was unambiguous in establishing the purchase obligation of Farmland if they sold *any* volume of gas to their customer, Lone Star Gas Company. The Court remanded the cause for trial on the merits of the contract action and also concluded that the record presented factual issues on Relator's causes of action for fraud and tortious interference with a business relationship. 768 S.W.2d at 322. Upon motion for rehearing, the Court agreed with Farmland that the remand would not encompass three other causes of action asserted by Relator, denied by summary judgment and not challenged on appeal. 768 S.W.2d at 323.

Upon remand, Farmland has amended its answer and counterclaim, alleging for the first time that the integrated contract was ambiguous, reurging a defense-favorable interpretation of the June 17 letter modification and urging that the net contract created an option for Farmland, not a purchase obligation. Mid Plains Reeves filed special exceptions and a motion to strike these portions of the amended answer on the basis of the law of the case arising from the prior Court of Appeals opinion interpreting the integrated contract and foreclosing these new defensive assertions. Mid Plains did not seek to strike new defensive allegations of fraud, mutual mistake or unilateral mistake. On June 2, 1990, the Respondent signed an order denying the motion to strike and overruling the special exceptions. Trial is set for June 18, 1990.

▇▇▇ This Court has concluded that an issuance of a writ of prohibition is unwarranted on the basis of the record before us. Our conclusion is based upon three fundamental principles applicable to the extraordinary remedy of prohibition:

(1) There must be a compelling need to invoke the superior court's interlocutory intrusion into the trial decisions of the inferior court in a matter in which the inferior court is exercising proper jurisdiction;

(2) The extraordinary relief of prohibition is only appropriate in the absence of an adequate remedy at law; and

(3) The power of the superior court to restrict the actions of the lower court in a relitigation or continuing litigation of a cause previously reviewed by the superior court arises only when the actions of the lower court disturb or interfere with the prior judgment of the superior court.

With regard to the first principle, the record reflects that, although Respondent has overruled the special exceptions and denied the motion to strike by Relator, the Respondent's order expressly states:

[T]his court respects—and it will honor—that judgment [of the Court of Appeals].

The lower court has not at this point taken or permitted any action in conflict with this Court's prior opinion and judgment which would merit the extraordinary interlocutory intrusion requested by Relator. *Compare Cherokee Water Company v. Ross,* 698 S.W.2d 363, 366 (Tex.1985). No issue, with accompanying evidence, jury instruction, trial court legal ruling or verdict, has been effectuated which would *both* result in harm to Relator *and* violate the law of the case.

Second, we conclude that should the Relator's assertion of the law of the case and Farmland's arguments in opposition to or avoidance of such issue-preclusive doctrine be *fully* addressed and *ruled upon* by the trial court, an outcome adverse to Relator is subject to an adequate remedy at law by way of appeal. Should such injury occur and should Relator ultimately be proven correct in its assertion of the doctrine, the additional injuries consist of delay in ultimate recovery and redundant effort by this Court. The same is true in any instance in which res judicata, collateral estoppel or law of the case arise. To some extent, that is offset by the availability of pre- and post-judgment interest, as well as monetary sanctions should the delay be shown to be frivolous. In any event, the delay and redundancy alone are insufficient to support the exercise of relief by prohibition, to the erosion of existing legal remedies. *See*

*Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989).

We turn to the third principle. In *Holloway,* the Texas Supreme Court quoted from its prior decision in *Milam County Oil Mill Co. v. Bass,* 106 Tex. 260, 163 S.W. 577 (1914):

> The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which ... makes no attempt to disturb it, or to interfere with its execution.... The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction;....

*Holloway,* 767 S.W.2d at 684. Even if Respondent takes some action in conflict with the prior opinion of this Court and is subsequently overturned upon appeal due to the law of the case doctrine, such trial court action is not in interference with the execution of the prior judgment of this Court. Our prior opinion and judgment afforded Relator a negative form of relief. We divested Farmland of its summary judgment. It was essential for this Court to interpret the agreement and letter modifications of the parties in order to reach that decision. Hence, that analytical portion of the prior opinion as it applied to the summary judgment pleadings and evidence is not dictum and is entitled to subsequent respect by the lower court and parties. Such respect may very well be ultimately enforced by law of the case, collateral estoppel or res judicata. We do not believe it is ripe for enforcement by prohibition. Our prior judgment was negative in nature and is not interfered with by the Respondent's ruling. By contrast, in *Cherokee Water,* the prior decision of the Supreme Court granted partial affirmative recovery to the plaintiff Cherokee Water Company, and a limited remand was ordered. The trial court's subsequent action in permitting a relitigation of issues affirmatively foreclosed *for* Cherokee's recovery did interfere with the superior court's judgment and did entitle Cherokee to intrusive relief by writ of prohibition.

Analogous to the present situation is the course of events in *Holloway.* There, the prior judgment of the superior court, was a dismissal of the prior appeal. While the dismissal, leaving the lower court judgment intact, may contribute to an ultimate res judicata, collateral estoppel or law of the case effect, it is not such an affirmative judgment that attempted relitigation constitutes an interference with its execution. *Holloway,* 767 S.W.2d at 683. *See also* 38 Tex.Jur.3d, Extraordinary Writs, sec. 240, at 467 (1985). This is not to say that even if the prior judgment of the superior court is essentially negative in nature, repeated attempts to relitigate issues in conflict with the prior analysis of the superior court will be immune from prohibition. *Clark v. Ewing,* 196 S.W.2d 53, 56 (Tex.Civ.App.— Amarillo 1946). Even the "hydra-headed litigation" involved in *Holloway,* however, did not provide a sufficient justification for prohibition. 767 S.W.2d at 684. The present case falls far short of the courtroom history presented in *Holloway.*

At this point, the record before us does not reflect bad faith, frivolous delay or defiance of this Court's prior ruling. Again, that is not to say that the law of the case doctrine may not ultimately apply. We have no reason to believe the Respondent intends self-inflicted reversal and further relitigation. The events within the trial court are within his jurisdiction to control. Trial judges no doubt occasionally sense the appellate court as a brooding omnipresence constantly looking over their shoulders. That is neither implicit in the design of our judicial structure, nor present in this Court's intentions.

Relator's petition for relief is in all respects hereby denied.