6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00191-CV


______________________________





IN RE:


CALVIN RAY CASH








 
 

Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Opinion by Justice Ross



O P I N I O N


 Calvin Ray Cash filed a petition for writ of mandamus with this Court December 30,
2002. In the petition, Cash asks us to direct the respondent, the Honorable Robert E.
Newsom, Judge of the 8th Judicial District Court of Hopkins County, Texas, to set a date
for ruling on Cash's motion for DNA (deoxyribonucleic acid) testing under Chapter 64 of
the Texas Code of Criminal Procedure. On January 7, 2003, we requested the respondent
to file a response to Cash's petition. The response was to have been submitted by
January 17, 2003. As of the date of this opinion, the respondent has not filed a response.

 Cash's petition indicates he is currently imprisoned in the Institutional Division of the
Texas Department of Criminal Justice for three felony convictions from Hopkins County. 
The petition also states that Cash has filed a motion for DNA testing, but that as of
December 30, 2002, the trial court has not formally ruled on the motion. 

 Our power to issue writs of mandamus is not of constitutional origin, but is instead
a creature of statute. A & T Consultants, Inc. v. Sharp, 904 S.W.2d 668, 685 (Tex. 1995)
(Hecht, J., dissenting). Section 22.221(a), (b) of the Texas Government Code governs our 
jurisdiction to grant mandamus relief:

 (a) Each court of appeals or a justice of a court of appeals may
issue a writ of mandamus and all other writs necessary to enforce the
jurisdiction of the court.

 

 (b) Each court of appeals for a court of appeals district may issue
all writs of mandamus, agreeable to the principles of law regulating those
writs, against a:


 (1) judge of a district or county court in the court of appeals
district; or


 (2) judge of a district court who is acting as a magistrate at
a court of inquiry under Chapter 52, Code of Criminal Procedure, in
the court of appeals district.


Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon Supp. 2003). Cash's petition seeks relief
against a district court judge. Accordingly, we have jurisdiction to consider the merits of
his petition.

 To be entitled to mandamus relief, the relator must demonstrate (1) that no other
adequate remedy at law exists, and (2) that under the law and facts relevant to the case,
the act sought to be compelled is purely ministerial. In re Rodriguez, 77 S.W.3d 459, 460
(Tex. App.-Corpus Christi 2002, orig. proceeding). "An act is ministerial if it does not
involve the exercise of any discretion." Id. (quoting State ex rel. Hill v. Court of Appeals
Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001)). It must also be "clear and
indisputable" that the relator has an absolute right to relief sought. Id. at 461. A ministerial
act is one that, according to law, must be performed with such certainty it does not require
the exercise of judicial discretion. Id. If the law in question is new or unsettled, a trial
court's ruling on even a pure question of law may not be the proper subject of writ review. 
Id.

 A trial court must consider and rule on a motion brought to the court's attention
within a reasonable amount of time. In re Bonds, 57 S.W.3d 456, 457 (Tex.
App.-San Antonio 2001, orig. proceeding). This includes rulings on motions for DNA
testing and the appointment of counsel for the purpose of pursuing DNA testing under
Chapter 64 of the Texas Code of Criminal Procedure. In re Dimas, 88 S.W.3d 349, 351
(Tex. App.-San Antonio 2002, orig. proceeding). To establish that the trial court abused
its discretion by failing to rule on a motion, the relator must show the trial court "(1) had a
legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3)
failed or refused to do so." Id. (citing In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.-Amarillo 2001, orig. proceeding)).

 In the instant matter, the record before us suggests the trial court has not acted on
Cash's motion in the almost five months since it was filed. This failure to act constitutes
an abuse of discretion because the trial court has a ministerial duty to enter a ruling within
a reasonable time. For this reason, we conditionally grant the petition for writ of
mandamus. 

 First, if the relator has filed a request for appointment of counsel, we order the
respondent to determine whether the relator is indigent and, if the relator is indigent, to
immediately appoint counsel for the relator. See Tex. Code Crim. Proc. Ann. art. 64.01(c)
(Vernon Supp. 2003). Second, we direct the respondent to rule on the relator's motion for
DNA testing. We are confident the respondent will comply promptly. The writ will issue
only if the respondent fails to comply with this opinion.


 Donald R. Ross

 Justice




Date Submitted: February 3, 2003

Date Decided: February 4, 2003



dException Locked="false" Priority="60" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00197-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                             JIMMY
LEE NASH

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Jimmy Lee Nash seeks a writ of
mandamus directing the judge of the 202nd Judicial District Court of Bowie
County to rule on Nashs motion and to delete a deadly weapon finding in Nashs
judgment of conviction.  Nash claims this
relief is needed to effectuate the findings of this Court previously made in
Nashs direct appeal.  Nash filed the
subject motion with the trial court August 9, 2011.  We deny Nashs petition.

            Mandamus relief is available if (1)
there is no adequate remedy at law to redress the alleged harm, and (2) only a
ministerial act, not a discretionary or judicial decision, is being
sought.  State ex rel. Young v. Sixth
Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  The latter requirement is met if the relator
can show he or she has a clear right to the relief soughtwhen the facts and
circumstances dictate but one rational decision under unequivocal, well
settled, and clearly controlling legal principles.  Id.

            Nashs motion has been pending in
the trial court for only four weeks.  A
trial court is required to consider and rule on a motion within a reasonable
time.  In re Blakeney, 254 S.W.3d 659, 662 (Tex. App.Texarkana 2008,
orig. proceeding): Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.Houston [1st Dist.] 1992, orig.
proceeding).  Four weeks elapsed time is
not unreasonable.  Nashs request that we
order the trial judge to rule is thus untenable.

            Nash also requests us to order the
trial judge to rule in a particular way. 
While we have jurisdiction to direct the trial court to proceed to
judgment, we may not tell the court what judgment it should enter.  Crofts
v. Court of Civil Appeals, 362 S.W.2d 101 (Tex. 1962) (orig. proceeding).

            Finally, Nash suggests that we
should order a particular result because it is needed to enforce the judgment
of this Court.[1]  Nashs request for us to order this relief
cannot prevail.  As Nash points out, we
acknowledged in our opinion addressing his appealNash v. State, 175 S.W.3d 427, 430 (Tex. App.Texarkana 2005, pet.
refd)that a surveillance videotape used as evidence in his trial did not show
the weapon he was accused of using during a robbery.  Our opinion, however, also recited the
presence of other evidence, notably from the victim, that Nash had used an ice
pick in the robbery.  We found the
evidence sufficient to support the deadly-weapon finding.  Nash is not entitled to the relief sought.

            We deny the petition.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          September 26, 2011    

Date
Decided:             September 27, 2011

 

Do
Not Publish











[1]When
the trial court clerk receives the mandate, the appellate courts mandate must
be enforced.  Tex. R. App. P. 51.1(b). 
A court of appeals may issue mandamus to enforce compliance by the trial
court with its mandate to enter a particular judgment, and the appellate court
retains jurisdiction until the judgment ordered has been entered.  In re
Castle Tex. Prod. Ltd. Pship, 157 S.W.3d 524, 527 (Tex. App.Tyler 2005,
orig. proceeding); Curtis v. Nobles,
588 S.W.2d 687, 688 (Tex. App.Amarillo 1979, orig. proceeding).