MARY'S OPINION HEADING 






                                                                                    NO. 12-04-00369-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
IN RE: CASTLE TEXAS PRODUCTION        §
LIMITED PARTNERSHIP, CASTLE
TEXAS PIPELINE LIMITED
PARTNERSHIP, CEC GAS                              §                 ORIGINAL PROCEEDING
MARKETING LIMITED
PARTNERSHIP, AND CASTLE
ENERGY CORPORATION                               §

                                                                                                                                                           

OPINION DENYING MANDAMUS AND PROHIBITION
            Relators, Castle Texas Production Limited Partnership, Castle Texas Pipeline Limited
Partnership, CEC Gas Marketing Limited Partnership, and Castle Energy Corporation (collectively
“Castle”), petition for writs of mandamus and prohibition against the respondent, the Honorable Clay
Gossett, Judge of the 4th District Court, Rusk County, Texas, seeking enforcement of the mandate
issued pursuant to our decision in Castle Texas Production Limited Partnership v. Long Trusts,
134 S.W.3d 267 (Tex. App.–Tyler 2003, pet. denied). We deny the petition.
 
Background
            On September 5, 2001, the trial court rendered its amended final judgment awarding the Long
Trusts a monetary recovery against Castle and awarding Castle damages on its counterclaim together
with prejudgment interest and attorneys’ fees. Castle posted a supersedeas bond conditioned on
Castle’s prosecution of an appeal “with effect.” The Long Trusts posted a certificate of deposit with
the district court to secure the payment of that portion of the amended final judgment awarding
Castle recovery on its counterclaim against the Long Trusts.
            This court reversed that part of the trial court’s judgment awarding the Long Trusts recovery
against Castle and remanded the Long Trusts’ breach of contract claims to the trial court for retrial
of both the liability and the damage issues. We affirmed the judgment for Castle subject to
remittiturs, which Castle submitted. We held, however, that the trial court had not awarded Castle
the amount of prejudgment interest on its counterclaim provided by the operating agreement. 
Therefore, we severed Castle’s counterclaim against the Long Trusts and ordered the respondent to
recalculate prejudgment interest at twelve percent as specified in the joint operating agreement.
            The Texas Supreme Court denied the Long Trusts’ petition for review, and, on June 9, 2004,
this court issued its mandate in enforcement of its judgment.
            Upon the issuance of our mandate, Castle moved the trial court to formally sever Castle’s
counterclaim, assign the severed claim a new cause number, recalculate prejudgment interest, enter
a revised judgment, and allow Castle to collect its judgment from the security given by the Long
Trusts. A hearing on Castle’s motion was set for September 21, 2004. Shortly before the
September 21, 2004 hearing, the Long Trusts filed its motion in this court seeking clarification of
our mandate and judgment. At the hearing held on Castle’s motion, Castle also requested the
respondent trial judge to release the supersedeas bond it had posted to secure the Long Trusts’
collection of the amounts awarded it in the trial court’s final judgment. The trial court took under
advisement the matters raised in Castle’s motion. On November 2, 2004, the respondent trial judge
set the case for trial in March 2005 without assigning Castle’s counterclaim a separate cause number. 
The respondent also denied Castle’s motion to release its supersedeas bond.
            Castle contends that the respondent’s conduct is in defiance of our mandate and asks that we
enforce our mandate by mandamus and prohibition
 
            (i)          ordering the Respondent to sever Castle’s counterclaim, recalculate prejudgment
interest in accordance with the joint operating agreements between the parties,
render judgment for Castle in the severed proceeding, and allow Castle to collect
its judgment from the security posted by the Long Trusts;
 
              (ii)         ordering the Respondent to release Castle’s supersedeas bonds; and
 
              (iii)        prohibiting the Respondent from taking actions contrary to this Court’s directives
in its Mandate, including proceeding to trial unless and until he has fulfilled this
Court’s Mandate.


Applicable Law and Standard of Review
            Mandamus is available to correct a clear abuse of discretion or violation of a legal duty
imposed by law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover,
there must be no other adequate remedy at law. Id. When the trial court’s discretion is addressed
to a factual issue, the relator must establish that the trial court’s decision was contrary to the only
decision reasonable under the circumstances. Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985). A trial court, however, has no discretion to determine the applicable law, and
the failure of the trial court to correctly apply the law will constitute an abuse of discretion. Walker,
827 S.W.2d at 839-40.
            “When the trial court clerk receives the mandate, the appellate court’s mandate must be
enforced.” Tex. R. App. P. 51.1(b). A district court has no discretion to interpret an appellate court’s
mandate. Schliemann v. Garcia, 685 S.W.2d 690, 692 (Tex. App.–San Antonio 1984, orig.
proceeding). A trial court’s failure or refusal to comply with a court of appeals mandate is an abuse
of discretion. Lee v. Downey, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding). A court of
appeals may issue mandamus to enforce compliance by the trial court with its mandate to enter a
particular judgment, and the appellate court retains jurisdiction until the judgment ordered has been
entered. Curtis v. Nobles, 588 S.W.2d 687, 688 (Tex. App.–Amarillo 1979, orig. proceeding).
            A writ of prohibition operates like an injunction issued by a superior court to control, limit,
or prevent action in a court of inferior jurisdiction. Holloway v. Fifth Court of Appeals, 767 S.W.2d
680, 683 (Tex. 1989). The purpose of the writ is to enable a superior court to protect and enforce
its jurisdiction and judgments. Id. The writ is typically used to protect the subject matter of an
appeal or to prohibit an unlawful interference with the enforcement of a superior court’s orders and
judgments. Id. at 683. As with other extraordinary writs, the relator must also establish that it had
no adequate remedy at law. Mid Plains Reeves, Inc. v. Baskin, 793 S.W.2d 286, 287 (Tex. App.–El
Paso 1990, orig. proceeding); Inman v. O’Donnell, 722 S.W.2d 16, 18 (Tex. App.–Dallas 1986,
orig. proceeding). A trial court’s reconsolidation of claims on remand after a severance was upheld
on appeal is correctable by prohibition. See Cherokee Water Co. v. Ross, 698 S.W.2d 363, 366 (Tex.
1985) (orig. proceeding). 
 
Severance of Counterclaim
            Castle first asks that we order the respondent to sever Castle’s counterclaim, recalculate
prejudgment interest, render judgment, and allow Castle to collect on its judgment against the
security posted by the Long Trusts.
            When the trial court took “under advisement” Castle’s motion seeking this relief, the Long
Trusts’ motion for clarification of the mandate and/or judgment had only recently been filed in this
court. Therefore, we presume that the respondent deferred ruling on the matters raised in Castle’s
motion, not in defiance of our mandate, but in awaiting our ruling on the Long Trusts’ motion for
clarification.
            We have since ruled on the Long Trusts’ motion for clarification, explaining that “our
judgment ordering severance did not contemplate nor does the mandate permit the trial court to
reconsolidate the cases or to contrive a procedure to delay the redetermination of prejudgment
interest due Castle and its recovery on the judgment until the resolution of the Long Trusts’ claims
against Castle.” In the light of our ruling on the Long Trusts’ motion for clarification, we assume
the respondent will assign Castle’s severed counterclaim a separate cause number and proceed
promptly with the recalculation of the prejudgment interest and the entry of judgment thereon. 
Undue delay in the timely execution of the mandate will be considered a refusal to enforce the
mandate correctable by mandamus. See Lee, 842 S.W.2d at 648. Any reconsolidation of the severed
claims is correctable by prohibition. Ross, 698 S.W.2d at 366.
 
Release of Supersedeas Bonds
            Castle also seeks mandamus to compel the respondent trial judge to release the supersedeas
bonds posted by Castle on appeal. The trial judge denied Castle’s motion to release the supersedeas
bonds although the judgment against Castle had been reversed on appeal and Castle had therefore
prosecuted its appeal “with effect.” See Harris v. Keoun, 135 S.W.2d 194, 195 (Tex. Civ.
App.–Waco 1939, writ ref’d). No liability on the bonds can arise. See id. There is, however, no
provision in the rules requiring the release Castle requests. 
            As Castle points out, the surety on a bond to secure payment of a reversed judgment is
released as a matter of law and is not liable for a judgment rendered upon remand. Amwest Surety
Ins. Co. v. Graham, 949 S.W.2d 724, 727 (Tex. App.–San Antonio 1997, writ denied); Blair v.
Sanbow, 82 Tex. 686, 18 S.W. 159, 160 (1892). The respondent did not abuse his discretion by his
denial of a motion unnecessary under our case law and not required by rule or statute.
 
Conclusion
              Having concluded that the record does not show that the respondent clearly abused his
discretion or that Castle is entitled to prohibition, the relief requested in the petition is denied. Our
stay of January 31, 2005 is lifted.
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
 
Opinion delivered March 16, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.
















(PUBLISH)