

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

—————————————————

No. 06-11-00197-CR

—————————————————

IN RE:
JIMMY LEE NASH

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jimmy Lee Nash seeks a writ of mandamus directing the judge of the 202nd Judicial District Court of Bowie County to rule on Nash's motion and to delete a deadly weapon finding in Nash's judgment of conviction. Nash claims this relief is needed to effectuate the findings of this Court previously made in Nash's direct appeal. Nash filed the subject motion with the trial court August 9, 2011. We deny Nash's petition.

Mandamus relief is available if (1) there is no adequate remedy at law to redress the alleged harm, and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The latter requirement is met if the relator can show he or she has a clear right to the relief sought—when the facts and circumstances dictate but one rational decision under unequivocal, well settled, and clearly controlling legal principles. *Id.*

Nash's motion has been pending in the trial court for only four weeks. A trial court is required to consider and rule on a motion within a reasonable time. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding): *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Four weeks' elapsed time is not unreasonable. Nash's request that we order the trial judge to rule is thus untenable.

Nash also requests us to order the trial judge to rule in a particular way. While we have jurisdiction to direct the trial court to proceed to judgment, we may not tell the court what judgment it should enter. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex. 1962) (orig. proceeding).

Finally, Nash suggests that we should order a particular result because it is needed to enforce the judgment of this Court.[1] Nash's request for us to order this relief cannot prevail. As Nash points out, we acknowledged in our opinion addressing his appeal—*Nash v. State*, 175 S.W.3d 427, 430 (Tex. App.—Texarkana 2005, pet. ref'd)—that a surveillance videotape used as evidence in his trial did not show the weapon he was accused of using during a robbery. Our opinion, however, also recited the presence of other evidence, notably from the victim, that Nash had used an ice pick in the robbery. We found the evidence sufficient to support the deadly-weapon finding. Nash is not entitled to the relief sought.

---

[1]"When the trial court clerk receives the mandate, the appellate court's mandate must be enforced." TEX. R. APP. P. 51.1(b). A court of appeals may issue mandamus to enforce compliance by the trial court with its mandate to enter a particular judgment, and the appellate court retains jurisdiction until the judgment ordered has been entered. *In re Castle Tex. Prod. Ltd. P'ship*, 157 S.W.3d 524, 527 (Tex. App.—Tyler 2005, orig. proceeding); *Curtis v. Nobles*, 588 S.W.2d 687, 688 (Tex. App.—Amarillo 1979, orig. proceeding).

We deny the petition.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 26, 2011
Date Decided:       September 27, 2011

Do Not Publish