In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00197-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                             JIMMY
LEE NASH

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Jimmy Lee Nash seeks a writ of
mandamus directing the judge of the 202nd Judicial District Court of Bowie
County to rule on Nash’s motion and to delete a deadly weapon finding in Nash’s
judgment of conviction.  Nash claims this
relief is needed to effectuate the findings of this Court previously made in
Nash’s direct appeal.  Nash filed the
subject motion with the trial court August 9, 2011.  We deny Nash’s petition.

            Mandamus relief is available if (1)
there is no adequate remedy at law to redress the alleged harm, and (2) only a
ministerial act, not a discretionary or judicial decision, is being
sought.  State ex rel. Young v. Sixth
Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  The latter requirement is met if the relator
can show he or she has a clear right to the relief sought—when the facts and
circumstances dictate but one rational decision under unequivocal, well
settled, and clearly controlling legal principles.  Id.

            Nash’s motion has been pending in
the trial court for only four weeks.  A
trial court is required to consider and rule on a motion within a reasonable
time.  In re Blakeney, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008,
orig. proceeding): Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding).  Four weeks’ elapsed time is
not unreasonable.  Nash’s request that we
order the trial judge to rule is thus untenable.

            Nash also requests us to order the
trial judge to rule in a particular way. 
While we have jurisdiction to direct the trial court to proceed to
judgment, we may not tell the court what judgment it should enter.  Crofts
v. Court of Civil Appeals, 362 S.W.2d 101 (Tex. 1962) (orig. proceeding).

            Finally, Nash suggests that we
should order a particular result because it is needed to enforce the judgment
of this Court.[1]  Nash’s request for us to order this relief
cannot prevail.  As Nash points out, we
acknowledged in our opinion addressing his appeal—Nash v. State, 175 S.W.3d 427, 430 (Tex. App.—Texarkana 2005, pet.
ref’d)—that a surveillance videotape used as evidence in his trial did not show
the weapon he was accused of using during a robbery.  Our opinion, however, also recited the
presence of other evidence, notably from the victim, that Nash had used an ice
pick in the robbery.  We found the
evidence sufficient to support the deadly-weapon finding.  Nash is not entitled to the relief sought.

            We deny the petition.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          September 26, 2011    

Date
Decided:             September 27, 2011

 

Do
Not Publish











[1]“When
the trial court clerk receives the mandate, the appellate court’s mandate must
be enforced.”  Tex. R. App. P. 51.1(b). 
A court of appeals may issue mandamus to enforce compliance by the trial
court with its mandate to enter a particular judgment, and the appellate court
retains jurisdiction until the judgment ordered has been entered.  In re
Castle Tex. Prod. Ltd. P’ship, 157 S.W.3d 524, 527 (Tex. App.—Tyler 2005,
orig. proceeding); Curtis v. Nobles,
588 S.W.2d 687, 688 (Tex. App.—Amarillo 1979, orig. proceeding).