# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00481-CV
## NO. 03-13-00506-CV

**In re David Lauer**

### ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

In 2001, relator David Lauer was convicted of the offense of capital murder and sentenced to life imprisonment. This Court affirmed Lauer's conviction on appeal. *See Lauer v. State*, No. 03-01-00625-CR, 2004 Tex. App. LEXIS 5089 (Tex. App.—Austin June 10, 2004, pet. ref'd) (mem. op. on remand, not designated for publication). The record reflects that on June 8, 2012, Lauer filed a petition for writ of mandamus in the district court against the Travis County Medical Examiner's Office (the Medical Examiner's Office), which had performed an autopsy on the victim in the murder case.[1] These original proceedings arise from that filing. In cause number 03-13-00481-CV, Lauer has filed a petition for writ of mandamus against the district court, asking us to compel the district court to issue a writ of mandamus against the Medical Examiner's Office pursuant to Lauer's 2012 petition. In cause number 03-13-00506-CV, Lauer has filed a petition for

---

[1] The exact nature of the relief sought by Lauer in his 2012 petition is unclear from the record, although it appears that Lauer is challenging the finding of the Medical Examiner's Office regarding the murder victim's cause of death.

writ of prohibition against the district court, asking us to prevent the district court from dismissing his 2012 petition for want of prosecution.[2]

Mandamus and prohibition are extraordinary remedies that issue only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy at law is available. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917-18 (Tex. 1985); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984); *Mid Plains Reeves, Inc. v. Baskin*, 793 S.W.2d 286, 287 (Tex. App.—El Paso 1990, orig. proceeding). In both cases, we conclude that Lauer has failed to show himself entitled to the extraordinary relief requested. First, Lauer has failed to show that the district court has clearly abused its discretion in not issuing a writ of mandamus against the Medical Examiner's Office. Specifically, no showing has been made that the issuance of a writ of mandamus against the Medical Examiner's Office is necessary to enforce the district court's jurisdiction. *See* Tex. Gov't Code § 24.011 (district court may only issue writs of mandamus "necessary to the enforcement of the court's jurisdiction"). Second, Lauer has failed to show that he has no adequate remedy at law to address the district court's pending dismissal of his petition. As the notice of court setting states, Lauer may avoid dismissal by filing with the district court a motion to retain the case. Alternatively, if his cause is dismissed, he may appeal that dismissal.

---

[2] In a notice of court setting attached to Lauer's petition for writ of prohibition, the district clerk states that "the above cause will be dismissed for want of prosecution on the court's motion on the 16th day of August, 2013 at 1:45 p.m. in said court, unless a motion to retain is filed prior to that date."

Because Lauer has failed to show himself entitled to the extraordinary relief requested, we deny his petition for writ of mandamus and his petition for writ of prohibition. *See* Tex. R. App. P. 52.8(a).

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed:   August 9, 2013

3