CUNNINGHAM v. UNIVERSAL CREDIT CO. et al.

No. 13480.

Court of Civil Appeals of Texas. Fort Worth.

March 20, 1936.

Jimmie Cunningham and Shelby P. Boling, both of Graham, for relator.

S. L. Lewis, of Dallas, for respondents.

BROWN, Justice.

Jimmie Cunningham, relator, obtained a judgment in the county court of Young county, Tex., against the Universal Credit Company, one of the respondents. The credit company undertook to appeal from that judgment to this Court of Civil Appeals, but because of the failure to file the appeal bond within the statutory period, on proper motion, we dismissed the appeal. At the time of dismissal, the judgment, from which the credit company sought to appeal, was not 6 months old, and it could have brought the case before us by writ of error, but did not do so. Execution was issued out of the said county court on the judgment for Cunningham and placed in the hands of the sheriff of Dallas county, Tex., whereupon respondent Universal Credit Company applied for and secured an injunction at the hands of the respondent Owen George, judge of the county court at law No. 2, Dallas county, Tex., which court now undertakes to adjudicate the issues and to retain jurisdiction instead of making the injunction writ returnable to the county court of Young county.

Relator Cunningham filed in this court, on March 2, 1936, his petition, praying for a writ of prohibition and restraining order against the named respondents, and the prayer was granted by us ex parte and the cause set for a hearing on March 13, 1936, at which date all parties appeared and filed briefs and arguments.

■ When we issued the writ of prohibition and restraining order for relator, we were under the impression that we had affirmed the judgment of the county court of Young county. An order, dismissing an appeal for cause made at a time when the appealing party could yet bring the cause before the appellate court by a writ of error, does not operate as an affirmance of the judgment of the trial court. 3 Tex.Jur. § 675.

■■ It appears that we never did take jurisdiction of the appealed cause. We are convinced that we have no right to issue a writ of prohibition or a restraining order to prevent the prosecution of any suit that does not necessarily interfere with the enforcement of a judgment returned by us, or under circumstances in which we are called upon to protect or enforce our own jurisdiction. City of Palestine et al. v. City of Houston et al. (Tex.Civ.App.) 262 S.W. 215.

For the reasons stated, the writ of prohibition and restraining order heretofore issued by us against the respondents is vacated and set at naught, and relator is here denied the relief prayed for by him.