**Pat S. HOLLOWAY, Relator,**

v.

**The FIFTH COURT OF APPEALS, Respondent.**

**No. C–7865.**

Supreme Court of Texas.

March 1, 1989.

Rehearing Denied April 19, 1989.

Andrew L. Smith, III, Carrollton, F. Dean Armstrong, Law Offices of F. Dean Armstrong, P.C., Flossmoor, Ill., Pat S. Holloway, Giddings, for relator.

R. Jack Ayres and Thomas V. Murto, Law Offices of R. Jack Ayres, P.C., Dallas, W. James Kronzer, Houston, John B. Kyle, Jackson, Walker, Winstead, Cantwell, & Miller, Dallas, Dennis Olson, Greenville, for respondent.

## OPINION

MAUZY, Justice.

In this original proceeding, relator Pat S. Holloway complains that the Honorable Fifth Court of Appeals has abused its discretion by granting writs of prohibition, mandamus and injunction. *See Browning v. Ryan,* 756 S.W.2d 379 (Tex.App.—Dallas 1988, orig. proceeding). These writs were directed at the Honorable Tom Ryan, Senior Judge sitting for the 162nd Judicial District Court, who sustained a collateral attack on a previous judgment against Holloway. The judgment, which Judge Ryan declared void, had previously been appealed to the court of appeals but that appeal was dismissed. Nevertheless, the court of appeals' judgment of dismissal served as the basis for the extraordinary writs now before us.

The principal issue here then is whether an appellate court, which does not rule on the merits of an appeal but instead dismisses it, can issue a writ of prohibition to protect the judgment which was the subject of the prior appeal. We hold that it cannot. Because the court of appeals dismissed the prior appeal, it had no judgment to protect by writ of prohibition and, accordingly, abused its discretion when it granted the writ. The court of appeals also erred in issuing writs of mandamus and injunction.

The underlying litigation concerns an imperishable dispute over entitlement to the assets of Pat S. Holloway and Humble Exploration Company. The litigation dates back to 1979, but for the purposes of this proceeding we begin with the judgment rendered in 1982 by the 162nd Judicial District Court in Cause No. 79–9623–L, *Jane H. Browning, et al. v. Humble Exploration Company, Pat S. Holloway, et al.*[1] In that suit for fraud, breach of fiduciary duties, and imposition of a constructive trust, the Brownings obtained a multi-million dollar judgment against Holloway, Humble Exploration Company and others.

Holloway and Humble appealed the 1982 judgment, but did not post a supersedeas bond. The Brownings, however, could not execute on their judgment because Holloway and Humble had previously sought protection under the federal bankruptcy laws. While Holloway's appeal was pending before the court of appeals, the Brownings filed suit in federal court to force Holloway and Humble to either post a supersedeas bond or turn over their assets to a receiver appointed in the judgment of the state court. Holloway, Humble, and their trustee in bankruptcy, Don Navarro, resisted the Brownings' efforts and filed a counterclaim asserting that the state court judgment was void because the trial in state court had not been conducted in accordance with the remand order of the bankruptcy court. The federal district court agreed and granted summary judgment for Humble, Holloway and Navarro.

---

1. For a more detailed recitation of the history of this litigation, *see Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984), *Browning v. Navarro,* 826 F.2d 335 (5th Cir.1987), and *Browning v. Ryan,* 756 S.W.2d 379 (Tex.App.—Dallas 1988, orig. proceeding).

*Browning v. Navarro,* 37 B.R. 201 (N.D. Tex.1983).

Following this action of the federal court, both sides filed motions in the court of appeals; the Brownings moved to dismiss the appeal, while Holloway moved to abate the state appeal until the federal decision became final on appeal. The court of appeals overruled Holloway's motion to abate and granted the Brownings' motion to dismiss. In so ruling, the court of appeals wrote that the appeal should be dismissed because Holloway had elected to pursue an inconsistent remedy in federal court. *Humble Exploration Co. v. Browning,* 677 S.W.2d 111 (Tex.App.—Dallas 1984).[2] Although the court of appeals dismissed the appeal, it did write to express its strong disagreement with the federal district court's conclusion that the state court's judgment was void. The court of appeals' view was subsequently vindicated when the United States Fifth Circuit Court of Appeals reversed the judgment of the federal district court and remanded the cause for further proceedings. *Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984).

Following this ruling from the Fifth Circuit, Holloway attempted to revive his state court appeal by filing a motion asking the court of appeals to reconsider its prior judgment of dismissal. The court of appeals granted this motion, vacated its prior judgment of dismissal and set the cause for hearing en banc. In the subsequent en banc opinion, a majority of the court reinstated its judgment dismissing the appeal because its plenary power over that judgment had expired prior to the filing of Holloway's motion. In other words, the court of appeals concluded that it no longer retained jurisdiction to reinstate Holloway's appeal. *Humble Exploration Co. v. Browning,* 690 S.W.2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

After this setback, Holloway initiated a new action in the 162nd Judicial District Court of Dallas County. This new action incorporated both a collateral attack on the court's prior judgment in *Browning v. Humble Exploration Company* and a direct attack by equitable bill of review. On April 13, 1988, Judge Tom Ryan, a senior district judge sitting as judge of the 162nd Judicial District Court, granted Holloway's twelfth motion for partial summary judgment and held that the final judgment previously rendered in *Browning v. Humble Exploration Company* on November 11, 1982, was void. This partial summary judgment was then made final by severing out Holloway's equitable claim for bill of review and docketing that claim as a separate cause.

This development caused the Brownings to file an original proceeding in the court of appeals seeking writs of mandamus, prohibition and injunction against Judge Ryan. The Brownings also perfected an appeal from the summary judgment rendered by Judge Ryan. The court of appeals chose to review Judge Ryan's action by means of the original proceeding, granted the Brownings' request for extraordinary relief, and held that the 1982 judgment rendered in *Browning v. Humble Exploration Company* was "a valid, existing, final judgment not subject to collateral attack or bill of review." *Browning v. Ryan,* 756 S.W.2d at 384. The court of appeals then ordered Judge Ryan to set aside his judgment and order of severance, prohibited Judge Ryan from taking any action in Holloway's bill of review other than its dismissal, and finally enjoined Holloway from using the state courts to attack the 1982 judgment of the 162nd District Court in cause No. 79–9623–L, *Browning v. Humble Exploration Company.* In issuing each of these writs, the court of appeals abused its discretion.

■ The threshold problem is with the court of appeals' use of the writ of prohibition. This writ operates like an injunction issued by a superior court to control, limit or prevent action in a court of inferior jurisdiction. *City of Houston v. City of Palestine,* 114 Tex. 306, 267 S.W. 663, 665

---

**2.** The full writ history of *Humble Exploration Co. v. Browning* is 677 S.W.2d 111 (Tex.App.—Dallas 1984), *en banc op. on motion to reinstate,* 690 S.W.2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986).

(Tex.1924). The purpose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments. *Browne v. Rowe,* 10 Tex. 183, 184 (1853). The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Texas Employers Ins. Ass'n v. Kirby,* 137 Tex. 106, 152 S.W.2d 1073 (1941).

Apparently the specific purpose for the writ of prohibition in our present case was the latter one—to prohibit the unlawful interference with the enforcement of a superior court's judgment. In voiding the prior judgment, Judge Ryan concluded that the judge who presided over the 162nd Judicial District Court when *Browning v. Humble Exploration Company* was decided never legally acquired jurisdiction over the subject matter of the case. Although the reasons for this conclusion are not important to our present decision, the court of appeals thought the reasoning to be substantially similar to that of the federal district court which had previously declared the judgment in *Browning v. Humble Exploration Company* void, only to be reversed by the Fifth Circuit. *Browning v. Navarro,* 37 B.R. 201 (N.D.Tex.1983), *rev'd,* 743 F.2d 1069 (5th Cir.1984).

In resolving the original proceeding below, the court of appeals looked to its original opinion in *Humble Exploration Company v. Browning,* 677 S.W.2d 111, found Judge Ryan's conclusions of law to be in conflict with it and issued the writ of prohibition to prevent Judge Ryan from interfering with its prior judgment. The error here is that Judge Ryan's judgment does not interfere with the court of appeals' judgment of dismissal in *Humble Exploration Company v. Browning.*

Apparently the court of appeals viewed its judgment in *Humble Exploration Company v. Browning* as essentially one of affirmance. When an appellate court considers the merits of an action and renders a judgment of affirmance or reversal, it has a judgment which under the appropriate circumstances can be protected by writ of prohibition. *Houston Oil Co. v. Village Mills Co.,* 123 Tex. 253, 259–60, 71 S.W.2d 1087, 1089 (1934). The court of appeals in *Humble Exploration Company v. Browning,* however, did not rule on the merits. It dismissed the appeal. Granted the court wrote on the collateral matter of the trial court's jurisdiction, but the writing was not material to, nor incorporated in, its judgment of dismissal. Even had the court of appeals chosen to rule on the merits of the appeal in its judgment of dismissal, such ruling would have been "mere surplusage" incapable of enforcement by the extraordinary writ of prohibition. *Fitch v. International Harvester Co.,* 163 Tex. 221, 221, 354 S.W.2d 372, 373 (1962).

Appellate courts have no authority to issue writs of prohibition to protect unappealed district court judgments. *Texas Employers Ins. Ass'n v. Kirby,* 137 Tex. 106, 152 S.W.2d 1073 (1941). Although the dismissal of an appeal may have the same practical affect as an affirmance of the lower court's judgment, these two appellate judgments are not in law the same. *United States v. Gomez,* 64 U.S. (23 How.) 326, 339–40, 16 L.Ed. 552, 587 (1860). A dismissal of an appeal does not merge the judgment of the trial court into the judgment of the appellate court and does not vest the appellate court with authority to issue extraordinary writs to protect the judgment of the trial court. *Oilmen's Reciprocal Ass'n v. Coe,* 29 S.W.2d 430 (Tex. Civ.App.—Eastland 1930, writ ref'd); *Cunningham v. Universal Credit Co.,* 92 S.W. 2d 1097 (Tex.Civ.App.—Fort Worth 1936, no writ).

The court of appeals also issued a writ prohibiting Judge Ryan from proceeding in the bill of review which had been severed from the claim on which Holloway premised his collateral attack. Incorporated with this action was the court of appeals' writ of mandamus which directed Judge Ryan to vacate his judgment declaring the prior judgment in *Browning v. Humble Exploration Company* void, to vacate his order of severance, and to dismiss Holloway's claims for bill of review and collateral attack. Finally, the court of appeals

enjoined Holloway from pursuing in the courts of this state any other claim attacking the 1982 judgment of the 162nd Judicial District Court in cause No. 79–9623–L, *Browning v. Humble Exploration Company.*

■ In issuing these writs, the court abused its discretion for yet another reason. At the time it ruled, the court of appeals had before it both an original proceeding seeking the issuance of the aforementioned extraordinary writs and an appeal directly attacking the judgment rendered by Judge Ryan. In choosing the original proceeding to remedy the perceived error, the court of appeals ignored a fundamental tenet of writ practice. The issuance of an extraordinary writ is not authorized when the relator has an adequate remedy by appeal. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). As the name implies, extraordinary writs issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." Sales, *Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas,* in *Appellate Procedure in Texas,* § 1.4[1][b] at 47 (2d Ed.1979), citing *Herring v. Houston National Exchange Bank,* 113 Tex. 337, 255 S.W. 1097 (1923). The court of appeals therefore abused its discretion when it chose the original proceeding instead of the pending appeal as the means for addressing the perceived error committed in the trial court.

■ Our final difficulty with the opinion of the court of appeals is its assumption that an original proceeding is the appropriate vehicle for resolving a claim of res judicata. Seventy-five years ago we expressed reservations regarding such practice in *Milam County Oil Mill Co. v. Bass,* 106 Tex. 260, 264–65, 163 S.W. 577, 578–79 (1914):

> The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which ... makes no attempt to disturb it, or to interfere with its execution.... The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it.

There we advised that "the remedy provided by our system" should a trial court fail to recognize the preclusive effect of a prior judgment was appeal. *Id.* 163 S.W. at 578. Some years later, we observed that were "the rule otherwise, the defense of res judicata to suits in trial courts would soon be abandoned in all instances involving appellate court judgments in favor of original proceedings in our appellate courts." *City of Dallas v. Dixon,* 365 S.W.2d 919, 923 (Tex.1963), *rev'd on other grounds sub nom., Donovan v. Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

Like other courts which have considered the underlying dispute between the Brownings and Holloway, we are vexed by this hydra-headed litigation. The answer, however, is not to lock the doors of all our state courts and summarily declare the matter at an end. Litigation between these same parties has been pending in the federal courts over a similar span of time and we note that the Fifth Circuit, through normal appellate review, has succeeded in narrowing Holloways' claims to a single viable defense. *Browning v. Navarro,* 826 F.2d 335, 346 (5th Cir.1987). The courts of this state likewise have at their disposal the means to narrow and resolve those issues in dispute. The urgency with which the court of appeals considered the original proceeding convinces us that this matter will be expeditiously resolved in that court.

We further urge the trial court to move promptly to resolve Holloway's pending bill of review, which has been on file since June 16, 1986. It is not clear why it took 22 months and 12 motions for summary judgment for the trial judge to rule on the

collateral attack or why the bill of review proceeding was not then also ripe for consideration.

We conditionally grant relator's petition for writ of mandamus and direct the court of appeals to vacate its order of July 26, 1988 in *Browning v. Ryan.* We also vacate our order staying all proceedings in the appeal pending before the court of appeals to permit a review of the merits of that appeal. *See* Order of December 7, 1988, *Holloway v. Fifth Court of Appeals,* 761 S.W.2d 306 (Tex.1988).

GONZALEZ, J., files a dissenting opinion.

SPEARS, J., not sitting.

GONZALEZ, Justice, dissenting.

I disagree with the court that Pat Holloway has not received adequate review of the judgment rendered against him in 1982. Because of the peculiar perplexities in this case, the court of appeals did not abuse its discretion in utilizing a writ of prohibition to put an end to this vexing litigation.

This saga began in 1979 when the Brownings sued Humble Exploration Company and Holloway in the 193rd State District Court. The Brownings sought equitable ownership of both Humble and Holloway's assets and also sought to impose a constructive trust on these assets. They also prayed for actual and exemplary damages. In 1982, after a month-long jury trial, judgment was rendered against Holloway for $72,000,000 in actual damages and $10,000,000 in exemplary damages. To a greater or lesser extent, Holloway's litigious whims and contentions have been reviewed by approximately 50 state court judges in 9 state court proceedings and approximately 34 federal judges in 10 federal court proceedings. *See Browning v. Navarro,* 826 F.2d 335 (5th Cir.1987); *Holloway v. Walker,* 784 F.2d 1287, *reh'g denied,* 790 F.2d 1170 (5th Cir.1986); *Holloway v. Walker,* 765 F.2d 517 (5th Cir.1985); *Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984), *rev'g* 37 B.R. 201 (N.D.Tex.1983); *Browning v. Ryan,* 756 S.W.2d 379 (Tex. App.—Dallas 1988, orig. proceeding);

*Humble Exploration Co. v. Browning,* 677 S.W.2d 111 (Tex.App.—Dallas 1984), *en banc op. on motion to reinstate* 690 S.W. 2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986); *Humble Exploration Co. v. Walker,* 641 S.W.2d 941 (Tex.App.—Dallas 1982, orig. proceeding); *Humble Exploration Co. v. Fairway Land Co.,* 641 S.W.2d 934 (Tex.Civ.App.—Dallas 1982, writ ref'd n.r.e.); *Browning v. Holloway,* 620 S.W.2d 611 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 626 S.W. 2d 485 (Tex.1981). Thus, I do not fault the court of appeals for trying to terminate this litigation.

The court of appeals' dismissal of Holloway's appeal of the 1982 judgment in *Humble Exploration Co. v. Browning* is more than a mere order of dismissal. It is an opinion which embraces both the judgment of dismissal *and* the holdings which led to the ultimate decision to dismiss. In light of the history of this litigation, it is illogical to conclude that the dismissal itself is intact, yet conclude that the rationale behind the dismissal has no real effect, should be regarded as mere surplusage, and that no writ of prohibition may be issued for its protection. We previously reviewed Holloway's application for writ of error concerning this judgment and determined the court of appeals committed no reversible error. We did not then take the opportunity to deem the court of appeals' holdings, other than the order of dismissal itself, as surplusage and we should not take such opportunity now.

The court states that the court of appeals apparently viewed its judgment as essentially one of affirmance. I disagree. The effect of the judgment was not to affirm the trial court but to dismiss the action altogether because Holloway elected to seek review in federal court regarding the *same* state court judgment. The court of appeals necessarily determined the merits of the action, i.e., whether Holloway's appeal had merit in light of his having elected an inconsistent remedy in federal court. Therefore, the court of appeals rendered a judgment which *can* be protected by writ

of prohibition. This is in keeping with the purpose of a writ of prohibition which is to prevent the relitigation of issues which were decided in or otherwise precluded by a prior decision of an appellate court. *See Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 366 (Tex.1985); *City of Orange v. Clark,* 627 S.W.2d 146, 147 (Tex.1982). Thus, given its prior history, it makes little sense to me to allow this litigation to continue. With every legal setback Holloway receives, he initiates another lawsuit or appeal. *¡Ya basta!* [1]

The court states that even had the court of appeals ruled on the merits, such ruling would have been "mere surplusage" incapable of enforcement and cites *Fitch v. International Harvester Co.,* 163 Tex. 221, 354 S.W.2d 372, 373 (1962). *Fitch* was a per curiam opinion which involved a dismissal of an appeal based on want of prosecution as the appellants failed to timely perfect their appeal. The instant matter does not involve a dismissal for want of prosecution and is therefore distinguishable from *Fitch.* Furthermore, the court of appeals in *Fitch* attempted to both dismiss the appeal *and* affirm the trial court. The court of appeals in the case before us did not pursue such inconsistent treatment.

In *Humble Exploration Co. v. Browning,* the court of appeals specifically held that if a party seeks review of a state court judgment in federal court on the ground of an alleged violation of a condition of remand from bankruptcy court without pointing out the alleged error in the state court, the party is barred from further relief in state court. This holding was germane to the judgment of dismissal, and should be entitled to protection when a lower court attempts to take action in contravention of it, as Judge Ryan attempted to do by opening up yet another avenue for Holloway's perpetual complaints.

Judge Ryan declared the 162nd District Court judgment void for want of jurisdiction. However, the court of appeals had previously concluded that under the facts of this case, when the parties permitted the case to go to judgment without notifying

the trial judge that the proceeding had not been conducted in accordance with the remand order of the bankruptcy court, the defect was not jurisdictional, but a matter of procedure and was thus waived. The Fifth Circuit in *Browning v. Navarro* later issued an opinion consistent with this view. Therefore, Judge Ryan's judgment *does* interfere with the court of appeals' judgment of dismissal, and a writ of prohibition to prevent such interference *is* proper.

I agree with the court of appeals that if circumstances ever existed for a writ of prohibition, this is one. Litigants, such as Holloway, who have had more than ample opportunity to litigate all issues in various forums, should not be allowed to bring forth additional matters which should have been or were raised in a previous proceeding. As all legal controversies must some day come to an end, we should deny the writ of mandamus. Rather than finding fault with the court of appeals, I applaud it for trying to bring closure to this protracted litigation. It is unjust to force the Brownings to continue to bear the costs and burdens of further litigation.

For the above reasons, I dissent.