Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed December 22, 2003













Petition for
Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed December 22, 2003.

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-03-01360-CV

____________

 

IN RE UNION CARBIDE CORPORATION, Relator

 

 

______________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

______________________________________________

 

M E M O R A
N D U M   O P I N I O N

            On December 5, 2003, relator, Union
Carbide Corporation, filed a petition for writ of mandamus in this Court.  See
Tex. Gov’t
Code Ann. § 22.221 (Vernon Supp. 2003); see also Tex. R. App. P. 52.  In its petition, relator seeks to have this
Court compel the Hon. J. Ray Gayle, III, Administrative Judge, 23rd Judicial
District Court, Brazoria County, Texas, to set aside his order of November 24,
2003, in trial court cause number 19785-BH02, styled Kelly-Moore Paint Company, Inc. v. Dow Chemical Company, et al.,
ordering production of a privileged communication, prepared in anticipation of
litigation, from a physician employed in relator’s medical department to a
Union Carbide attorney.  Relator also
filed a motion for emergency temporary relief asking that we stay the trial
court’s order compelling production of the April 4, 1983 memorandum from Dr. Hilton Lewinsohn
to Sula Baye, an attorney
in relator’s legal department.  See Tex.
R. App. P. 52.10.  On December 5, 2003, this
Court 

 class=Section2>

granted
a stay of production of the Lewinsohn memo until
final decision by this Court on relator’s petition for writ of mandamus, or
until further order of this Court.

            Mandamus relief is available if the
trial court abuses its discretion, either in resolving factual issues or in
determining legal principles, when there is no other adequate remedy by
law.  Walker v. Packer, 827
S.W.2d 833, 839-40 (Tex. 1992).  A trial court
abuses its discretion if “it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.”  Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985).  When alleging
that a trial court abused its discretion in its resolution of factual issues,
the party must show the trial court could reasonably have reached only one
decision.  Id. at 918.  As to determination of legal principles, an
abuse of discretion occurs if the trial court clearly fails to analyze or apply
the law correctly. See Walker, 827 S.W.2d at 840.

            In determining whether the writ
should issue, we must further determine whether the party has an adequate
remedy by appeal.  Id.  Mandamus is
intended to be an extraordinary remedy, only available in limited circumstances
“involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies.”  Holloway v. Fifth Court of
Appeals, 767 S.W.2d 680, 684 (Tex. 1989).  An appellate
remedy is not inadequate merely because the party may incur more expense and delay
than in obtaining the writ.  Walker, 827 S.W.2d at 842.  In the context of discovery, the appellate
remedy may be inadequate in three situations: 
(1) when the appellate court cannot cure the trial court’s discovery
order, such as where the trial court orders disclosure of privileged documents;
(2) where the party’s ability to present a viable claim or defense is vitiated
or severely compromised; and (3) when the trial court disallows discovery and
the missing discovery cannot be made part of the appellate record, thereby
precluding appellate review.  Id. at 843.

            After reviewing the document in
question in camera, we conclude it is
privileged.  See Tex. R. Evid. 503(a)(2)(B),
(b)(1)(a); Tex. R. Civ. P. 192.5(a).  Real party has not established any exception
to the privilege.  See Tex. R. Civ. P. 192.5(b)(2),
(c).  We therefore hold the trial court
abused its discretion in ordering production of the Lewinsohn
memo.  Accordingly, we conditionally
grant relator’s petition for mandamus relief and direct Judge Gayle to vacate
his order of November
 24, 2003, ordering production of the Lewinsohn
memo.  We presume Judge Gayle will
comply, and mandamus will issue only if he fails to do so. 

                                                                        PER
CURIAM

Petition Conditionally
Granted and Memorandum Opinion filed December
 22, 2003.

Panel consists of Chief
Justice Hedges and Justices Anderson and Seymore.