In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-157 CV


____________________



IN RE KENNETH D. ROGERS, ANDREW W. DUNN, PAT H. COONE,


BETTY S. COONE, WAYNE D. BUTCHEE, CLINT L. HINES,


SYBIL K. JENKINS, TERESA VIATOR, KYLE ARMITAGE,


PAMELA A. PARKER, NATALIE HYDE, AND 


ORANGE SAVINGS BANK OF TEXAS, SSB






Original Proceeding






 MEMORANDUM OPINION 


 Kenneth D. Rogers, Andrew W. Dunn, Pat H. Coone, Betty S. Coone, Wayne D.
Butchee, Clint L. Hines, Sybil K. Jenkins, Teresa Viator, Kyle Armitage, Pamela A. Parker,
Natalie Hyde, and Orange Savings Bank of Texas, SSB, petition the Court for a writ of
mandamus to compel the trial court to vacate its interlocutory order denying the relators'
motion for summary judgment and enter a final summary judgment for the relators on all
claims asserted against them by Joe E. Penland, Sr. (1) 

 Rogers, Dunn, Coone, Coone, Butchee, Hines, and Jenkins are directors of
Mauriceville National Bank. These directors sued Penland in federal district court over an
alleged check kiting scheme involving Mauriceville National Bank and used car lot
operations owned by Penland and Robert L. McDorman. McDorman is currently serving a
federal sentence for bank fraud. Penland filed a counterclaim, alleging the individual relators
acted in concert with McDorman to commit common law fraud and violations of the
Racketeer Influenced Corrupt Organizations Act. The federal district court dismissed
Penland's counterclaim with prejudice in an interlocutory order. Penland filed a motion for
leave to amend, which the federal court denied, and contemporaneously filed this suit in state
court. Certain of the relators removed the suit to federal court. The federal court remanded
without considering the relators' motion to dismiss. The relators then moved for summary
judgment in the state litigation on grounds that Penland's claims are barred by res judicata. 
The trial court denied the motion. 

 Assuming without deciding that the trial court erred in denying the motion for
summary judgment, we hold that the relators failed to establish that appeal will not be an
adequate remedy. Supreme Court precedent recognizes appeal as the appropriate remedy for
the trial court's failure to recognize the preclusive effect of a prior judgment. Holloway v.
Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989). Relators argue this case presents
unique circumstances justifying extraordinary relief for a complaint historically not subject
to mandamus. See In re Prudential Ins. Co. of America, 148 S.W.3d 124, 136-37 (Tex.
2004). In this case, we are bound by the Supreme Court's decision in Holloway, wherein the
Supreme Court held that mandamus is not the appropriate vehicle to resolve a claim of res
judicata. 767 S.W.2d at 684. The relators' petition for writ of mandamus is denied.

 WRIT DENIED.

 PER CURIAM


Submitted on May 4, 2006

Opinion Delivered June 1, 2006

Before Gaultney, Kreger, and Horton, JJ.
1. The relators also complain of the appointment of a special master for discovery. 
After the relators filed this petition, the trial court granted the real party in interest's
motion to withdraw its motion for appointment of a master. Because the issue is moot, we
do not address the relators' complaint regarding the appointment of a special master.