NO. 07-08-0126-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 31, 2008
_____

IN RE CITY OF LUBBOCK, TEXAS, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**OPINION**


Relator, the City of Lubbock, Texas, has filed a petition for writ of mandamus asking that we direct the respondent trial court judge to vacate a "gag order" signed on December 7, 2007, in a case pending before the trial court. We will deny relator's petition.

On December 7, 2007, respondent *sua sponte* issued an order barring the parties from communicating with media outlets about the underlying case during its pendency. On March 13, 2008, relator filed a motion in the trial court requesting vacation of the December 7 order. The motion contains an "arguments and authorities section" through which relator presents the same constitutional argument it intends this Court to consider in support of its petition for writ of mandamus. The trial court has scheduled an April 4, 2008, hearing of relator's motion to vacate. Relator filed its petition for writ of mandamus with this Court on March 26 and accompanied it with a request for expedited hearing.

Mandamus is an extraordinary writ that will not issue to resolve disputes that may be addressed by other remedies. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding). Mandamus is not available when the relator possesses an adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Our Supreme Court has noted that the term "adequate" in this context "has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004).

As noted, relator's petition states that the trial court will hear relator's March 13 motion for vacation of the court's December 7 order on April 4. Although relator seeks an expedited hearing of its petition in this Court, nothing in its petition suggests that any circumstance facing the parties will change between now and April 4. Relator has not asked for temporary relief. Tex. R. App. P. 52.10. As noted also, the record before us indicates relator will present to the trial court the same contentions on the merits of its motion it is presenting to us. Moreover, no response to relator's petition has been filed. Under the Rules of Appellate Procedure applicable to original proceedings, were we to find mandamus relief appropriate, we would be unable in any event to grant relator the relief it requests without requesting a response. Tex. R. App. P. 52.4, 52.8(b). And, were we to request a response in this case, we would not expect it to be filed before April 4.

Given the "jurisprudential considerations" described, we find relator possesses an adequate remedy at law by pursuing its motion set for hearing before the trial court on April

4.  *Prudential*, 148 S.W.3d at 136.  Accordingly, relator's motion for oral argument, and relator's petition for writ of mandamus, are denied.


Per Curiam