COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In re Vincent Paul Young, Jr.

Appellate case number:    01-13-01011-CV

Trial court case number:   2012-58323

Trial court:                281st District Court of Harris County

Vincent Paul Young, Jr. has initiated an appeal from an order entered in the trial court on August 12, 2013, which is docketed under appellate cause no. 01-13-00843-CV. He has also filed a "Petition for Writ of Injunction," with the stated purpose of asking this court "to protect its jurisdiction over the appeal by issuing a writ of injunction halting the collection efforts pending the disposition of the merits of the appeal." Finally, Young has invoked Texas Rule of Appellate Procedure 52.10 in support of a verified motion for temporary relief in the form of "an order temporarily enjoining Plaintiff Pro Player Funding, LLC and its officers, agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them, from proceeding in any manner with the collection efforts of Plaintiff pending the disposition of Defendant's Petition for Writ of Injunction.[1]

---

[1]     Young filed both his petition for writ of injunction and his motion for temporary relief under pending appellate cause number 01-13-00843-CV. The petition, however, seeks the issuance of a writ of injunction under Texas Government Code section 22.221, which is an extraordinary writ, and the motion seeks relief pursuant to Texas Rule of Appellate Procedure 52.10, which is a rule that applies to original proceedings in the courts of appeals. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); TEX. R. APP. P. 52.10. Accordingly, the petition has been docketed as an original proceeding and the motion has been filed under the new cause number.

The ordinary method of suspending enforcement of a judgment pending appeal in a civil case is set forth in Texas Rule of Appellate Procedure 24. Young's various filings provide no indication that he has pursued this avenue of relief pending his appeal. Moreover, the issuance of an extraordinary writ, such as a writ of injunction, is not authorized when there is an adequate remedy by appeal. *See, e.g.*, *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) ("extraordinary writs issue 'only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies'"); *In re Patel*, No. 01-13-00330-CV, 2013 WL 3422026 (Tex. App.—Houston [1st Dist.] July 2, 2013, orig. proceeding).

Young's motion for temporary relief is therefore DENIED without prejudice to his pursuit of temporary relief pursuant to Rule 24 or other theories in law or equity should that prove ineffective.

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
                    X Acting individually    □ Acting for the Court

Date: November 25, 2013