ACCEPTED
01-15-00267-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/25/2015 11:26:37 AM
CHRISTOPHER PRINI
CLERK

## No. 01-15-00267-CV

### IN THE

### FIRST COURT OF APPEALS

### AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/25/2015 11:26:37 AM
CHRISTOPHER A. PRINE
Clerk

_____

### In re SOLID SOFTWARE SOLUTIONS, INC., d/b/a EDIBLE SOFTWARE

_____

Original Proceeding arising from Cause No. 2013-748, in t66he 215th District Court of Harris County, Texas

_____

### REAL PARTY IN INTEREST'S OPPOSITION TO RELATOR'S MOTION FOR TEMPORARY STAY

_____

Andrea Farmer, Real Party in Interest, files this response in opposition to the Relator's Motion for Temporary Stay:

Relator filed its Petition for Writ of Mandamus on March 24, 2015, complaining of the trial court's Order denying the Relator's Motion to Dismiss or for Summary Judgment that was entered February 27, 2015. This case is set on the trial court's current trial docket that began on March 23, 2015.

Mandamus is an extraordinary remedy, reserved for use in instances of manifest and urgent necessity. *Holloway v. Fifth Court of Appeals*, 767

S.W.2d 680, 684 (Tex. 1989). It is not issued as a matter of right, but solely at the discretion of the court, *In re Prudential Ins.*, 148 S.W.3d 124, 138 (Tex. 2003), and only when the relator "satisfies a heavy burden of establishing 'compelling circumstances.'" *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). "As a selective procedure, mandamus can correct clear errors in exceptional cases and afford appropriate guidance to the law without the disruption and burden of interlocutory appeal." *Id.* But the Court may issue mandamus only when the relator demonstrates and the Court finds that (1) the trial court has committed an abuse of discretion and (2) the relator lacks any adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion. *In re McAllen Med. Ctr.*, 275 S.W.3d 458, 465 (Tex. 2008).

In its Petition, the Relator fails even to address the issue of the adequacy of its remedy by ordinary appeal. It is not clear that the Relator will lose any substantial right by being required simply to try this case and appeal an adverse result, rather than be excused through summary disposition. What is clear is that an opportunity to try this case on the trial court's established schedule will almost certainly be lost, should the Court

grant Relator's Motion for a Temporary Stay. The Relator cites "the ramifications of moving forward in the trial" without articulating what those "ramifications" actually are. Due to the dearth of explanation, both in the Relator's Petition and its Motion for Temporary Stay, the latter should be denied.

For these reasons, Andrea Farmer, Real Party in Interest, respectfully requests that the Relator's Motion for Temporary Stay of the trial court proceedings be denied.

Respectfully submitted,

SIMPSON, P.C.

*/s/ Iain G. Simpson*

_____
Iain G. Simpson
State Bar No. 00791667
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
(281) 989-0742
(281) 596-6960 – fax
iain@simpsonpc.com

APPELLATE COUNSEL FOR
REAL PARTY IN INTEREST ANDREA FARMER

3

## CERTIFICATE OF SERVICE

I hereby certify that, on March 25, 2015, I served a true and correct copy of the foregoing motion via electronic service, certified mail, facsimile, or hand delivery on the following:

Gregg M. Rosenberg
Rosenberg & Sprovach
3518 Travis, Suite 200
Houston, Texas 77002

COUNSEL FOR RELATOR
SOLID SOFTWARE SOLUTIONS, INC.

Hon. Elaine H. Palmer
215th District Court
201 Caroline, 13th Floor
Houston, Texas 77002

RESPONDENT

*/s/ Iain G. Simpson*

_____

Iain G. Simpson