**DENY; and Opinion Filed July 25, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00877-CV

## IN RE THOMAS GENE BROWN D/B/A B&B CONSTRUCTION CO, Relator

**Original Proceeding from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 56631-86**

## MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

In this original proceeding, relator seeks a writ of mandamus directing the trial court to vacate its April 22, 2019 partial summary judgment order, and seeks an emergency stay of all trial court proceedings and a writ of prohibition directing respondent to take no further action in the underlying proceeding during the pendency of this proceeding. Based on the record before us, we conclude relator has not shown he is entitled to the relief requested.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A partial summary judgment order is not subject to mandamus review because an adequate remedy is available by appeal once the order becomes final. *In re Spiritas*, No. 05-16-00791-CV, 2017 WL 1281394, at *3 (Tex. App.—Dallas Apr. 6, 2017, orig. proceeding) (mem. op.); *see also In re Thompson*, No. 05-99-00251-CV, 1999 WL 80713, at *1 (Tex. App.—Dallas Feb. 22, 1999, orig. proceeding) (mem. op.) (denying petition

seeking review of three partial summary judgment orders, noting that "Relator clearly has an adequate remedy at law"); *In re Dynamic Health*, 32 S.W.3d 876, 881 (Tex. App.—Texarkana 2000, orig. proceeding) (mandamus review unavailable as to non-final, unsevered order granting partial summary judgment because "[t]here is clearly an adequate remedy at law"). Here, relator clearly has an adequate remedy at law. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

A writ of prohibition is a limited purpose remedy used to enable an appellate court to protect and enforce its jurisdiction and judgments. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex.1989) (orig. proceeding); *In re Herrera*, No. 05-14-00394-CV, 2014 WL 1477922, at *1 (Tex. App.—Dallas April 14, 2014, orig. proceeding) (mem. op.). Relator has presented no basis for this Court to issue a writ of prohibition here. Further, having denied relator's petition for writ of mandamus, relator's request for a stay of the underlying proceedings is now moot. Accordingly, we deny relator's petition for writ of prohibition and deny relator's request for emergency relief.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190877F.P05