**Opinion issued January 28, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00484-CV

———————————

## IN RE ANA FLORES AND ARTURO DIAZ, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Relators Ana Flores and Arturo Diaz challenge the trial court's order granting real party in interest Shaneka Washington's motion to strike the counter-affidavit of Dr. Jay Martin Barrash.[1] Relators also filed a motion to stay proceedings in the trial court. We deny relief.

---

[1] The underlying case is *Shaneka Washington v. Ana Flores and Arturo Diaz*, cause number 2017-68065, pending in the 113th District Court of Harris County, Texas, the Judge 113th District Court, the Honorable Rabeea Sultan Collier presiding.

**Background**

The underlying case is a suit for damages. Washington filed affidavits of medical records setting out the medical costs from providers, Complete Pain Solutions, Memorial MRI & Diagnostic, Dr. John DeBender, and Chiro Dynamics. Relators challenged this medical-cost evidence by submitting the counter-affidavit of Dr. Jay Martin Barrash. Washington moved to strike the counter-affidavits on the grounds that they were untimely, Dr. Barrash was unqualified to furnish a counter-affidavit on medical records under Rule 702, the counter-affidavits did not give proper notice under Section 18.001(f), and the counter-affidavits were unreliable. The trial court granted the motion by order signed February 8, 2019. Relators filed a motion to reconsider, which the trial court denied by order signed May 28, 2019.

The matter comes to us as a petition for writ of mandamus. We requested a response and Washington filed one. Relators filed a reply to the response.

**Analysis**

To be entitled to mandamus relief, relators must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## I.   Relators do not need to appeal to obtain a remedy.

We begin by noting that relators have a remedy that does not require an appeal. Section 18.001 does not impose a "death-penalty" sanction on defendants who do not serve counter-affidavits or, alternatively, have their counter-affidavits stricken by the trial court. *Cf. TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 920 (Tex. 1991) (orig. proceeding) (when a trial court's [ruling has] the effect of precluding decision on merits of party's claims—such as by striking pleadings, dismissing action, or rendering default judgment—a party's remedy by eventual appeal is inadequate, unless sanctions are imposed simultaneously with rendition of final, appealable judgment); *see also* TEX. CIV. PRAC. & REM. CODE § 18.001. Nor does anything in the statute require the jury to believe the affiant's testimony. *Gutierrez v. Martinez*, No. 01-07-00363-CV, 2008 WL 5392023, at *12 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, no pet.). To the contrary, courts have held that uncontroverted affidavits do *not* establish "conclusive evidence of the reasonableness or necessity of the charges or the causation of the corresponding injuries." *Grove v. Overby*, No. 03–03–00700–CV, 2004 WL 1686326, at *6 (Tex. App.—Austin July 29, 2004, no pet.); *see Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 494 (Tex. App.—Dallas 2016, pet. denied). And perhaps most importantly, even when an 18.001(b) affidavit is admitted into evidence, the opposing party:

3

- is *not* prevented from making arguments contesting the affidavits during opening statements and closing arguments, *Gutierrez*; *Ten Hagen*, 503 S.W.3d at 494;

- *may* cross-examine the offering parties about their injuries and prior medical conditions, *Ten Hagen*, 503 S.W.3d at 494; *Grove*, 2004 WL 1686326, at *6; and

- *may* introduce corresponding medical records. *Ten Hagen*, 503 S.W.3d at 494; *Grove*, 2004 WL 1686326, at *6.

## II. Relators also have an adequate remedy on appeal.

The Texas Supreme Court explained how lower courts should evaluate the "adequacy" of an appellate remedy fifteen years ago in *In re Prudential Ins. Co. of America*:

> The operative word, "adequate," has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. These considerations implicate both public and private interests.
>
> * * *
>
> This determination is not an abstract or formulaic one; it is practical and prudential. It resists categorization, as our own decisions demonstrate. Although this Court has tried to give more concrete direction for determining the availability of mandamus review, rigid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue.

4

148 S.W.3d at 136. To determine whether relators and other similarly situated defendants have an "adequate" remedy by direct appeal, therefore, this Court must balance the "public and private interests" at stake in a "practical and prudential" manner. *Id.*

Relators claim that they have no adequate remedy by appeal, but most case law concerning counter-affidavits are appeals, not original proceedings. *See, e.g., Gunn v. McCoy*, 554 S.W.3d 645 (Tex. 2018). The essence of the issue in these cases is whether the trial court erred in excluding evidence. *See Nye v. Buntin*, No. 03–05–00214–CV, 2006 WL 2309051, at *5 (Tex. App.—Austin Aug. 11, 2006, pet. denied) (reviewing trial court's decision to exclude affidavits concerning reasonable and necessary medical expenses for abuse of discretion). The only case relators cites that is an original proceeding concerning counter-affidavits is *In re Brown*, No. 12–18–00295–CV, 2019 WL 1032458 (Tex. App.—Tyler Mar. 5, 2019, orig. proceeding). We decline to follow that case.

In *Brown,* the Tyler court addressed whether the trial court abused its discretion in striking the counter-affidavit of a registered nurse. *See* 2019 WL 1032458 at *1. The court determined that relator had no adequate remedy by appeal because it found that relator would lose the substantive right of countering the plaintiff's medical expenses if the trial court's order were allowed to stand. *See id.* at *5. The Tyler court acknowledged that relator could cross-examine and challenge

the evidence in its closing remarks, but found "special, unique circumstances" that mandated intervention because the erroneous exclusion of a counter-affidavit would result in reversible error and retrial that would waste resources. *See id.* at \*5-6.

The Tyler court held that, even though the relator had the ability to appeal, the appellate remedy was inadequate because the relator would lose the right to counter the plaintiff's medical expenses if it could not challenge the trial court's order striking the counter affidavit. But the Tyler court does not explain why this is not like other cases of exclusion of evidence, in which the purportedly aggrieved party could simply appeal the exclusion of its counter-affidavit as if it were any other piece of evidence. *See, e.g., Ten Hagen*, 503 S.W.3d at 489.

An appellate remedy is inadequate if a party is in danger of losing substantial rights, such as that an appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the record. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004). There is nothing in the record (or the Rules of Civil Procedure or the Rules of Appellate Procedure) to suggest that an appellate court could not cure the error by appeal of the exclusion of the counter-affidavit. And, the affidavit and the trial court's exclusion of it could be made part of the record. Finally, striking a counter-affidavit concerning medical expenses does not impair the presentation of a viable claim or defense. The compromising of a party's ability to present a viable

claim or defense usually occurs in the situation where a trial court's discovery order prevents a party from obtaining discovery that could form the basis of a claim or defense. *See, e.g., Walker*, 827 S.W.2d at 843 (holding that, to show remedy by appeal is inadequate, relator must show that its ability to present viable claim or defense at trial is vitiated or severely compromised by erroneous discovery order by "the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources.").

There is no indication in *Brown* that the relator established it was in danger of losing substantial rights, and neither have relators in this case. They are not denied the opportunity to develop the merits of their case, the counter-affidavit and the ruling excluding it can be made part of the record, and an appellate court could correct any error by reversing the trial court's ruling excluding the counter-affidavit.

Further, the delay and expense of a possible retrial does not render the appellate remedy inadequate. *See id.* at 842. Extraordinary relief by mandamus is warranted when the "trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008). There was no showing of circumstances in *Brown* that warranted the extraordinary remedy of mandamus, and there is no showing in this case.

Because relators have not demonstrated that their remedy by appeal is inadequate, they are not entitled to mandamus relief. *See id.* at 844.

**Conclusion**

Nothing in section 18.001 prevents parties whose counter-affidavits have been erroneously stricken from assailing the original affidavits and ultimately prevailing at trial. They have an available remedy at law in the trial court, prior to judgment. Moreover, relators have not offered any explanation as to how this situation is different from any other case where a trial court's erroneous ruling requires parties to go to trial without their "star witnesses," or an order that prevents such witnesses from testifying on certain matters. There—as here—allowing mandamus review "unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *Prudential*, 148 S.W.3d at 138. Because relators simply face the non-unique burden of having to adjust their trial strategy to accommodate an adverse evidentiary ruling, we conclude that relators have not presented a situation involving a "manifest and urgent necessity," but rather one involving "grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding) (citing Sales, *Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of*

*Texas,* in *Appellate Procedure in Texas,* § 1.4[1][b] at 47 (2d Ed. 1979); *Herring v. Houston Nat'l Exch. Bank,* 255 S.W. 1097 (Tex. 1923)).

We deny the petition. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

9