**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00011-CV**

_____

**IN RE CITY OF BEAUMONT, KENNETH R. WILLIAMS, IN HIS OFFICIAL CAPACITY AS CITY MANAGER, AND EARL WHITE, IN HIS OFFICIAL CAPACITY AS FIRE CHIEF**

_____

**Original Proceeding**
**136th District Court of Jefferson County, Texas**
**Trial Cause No. D-210950**

_____

**MEMORANDUM OPINION**

The City of Beaumont, Kenneth R. Williams, in his official capacity as City Manager, and Earl White, in his official capacity as Fire Chief, filed a petition for a writ of mandamus and prohibition. Relators contend the temporary restraining order issued by the Judge of the 136th District Court enforces a judgment of the 60th District Court that has been superseded due to the City's appeal from that judgment. Relators ask this Court to issue a writ of mandamus requiring the trial court to dissolve the temporary restraining order. Additionally, they ask this Court to issue a

1

writ of prohibition enjoining the trial court from taking further action that may interfere with this Court's jurisdiction over the appeal. The Real Party in Interest, International Association of Firefighters Local 399 ("the Union"), argues the mandamus petition is moot because the temporary restraining order expired and it will not seek to compel the City and its officials to perform the actions ordered in the 60th District Court's judgment until that judgment is final.

Background

On December 2, 2022, the judge of the 60th District Court of Jefferson County Texas signed two orders in Trial Cause Number B-210244, *Caleb Fenter v. City of Beaumont, et al.* In one order, the judge of the 60th District Court granted the City's plea to the jurisdiction but denied the plea to the jurisdiction of the City Manager, Kenneth R. Williams. In the other order, which was expressly made final and appealable, the judge of the 60th District Court granted the plaintiff's motion for summary judgment, found the plaintiff, Caleb Fenter, is a "firefighter" as that term is defined by the Texas Local Government Code, Chapter 143, and is entitled to all the rights and benefits provided under that chapter. In the judgment of the 60th District Court, the court found the City Manager failed to provide Fenter with his rights and pursuant to Chapter 143 of the Local Government Code, found Fenter is entitled to mandamus relief requiring the City Manager to provide Fenter with all civil service rights pursuant to Chapter 143 of the Local Government Code, and

2

decreed that a writ of mandamus would issue to be served on the City of Beaumont, Texas, Kenneth R. Williams, to carry out the court's order, subject to the City Manager's right to appeal the order. This order decreed that, in the event of an appeal, the Clerk of the Court would issue the writ of mandamus when the appeal became final. The City and the City Manager perfected an appeal, which this Court docketed as Appeal Number 09-22-00413-CV, *Caleb Fenter v. The City of Beaumont, et al.* The judgment prohibits issuance of the writ until the appeal is finally decided and the mandate issues.

After the City filed its notice of appeal in *Fenter*, the Union filed an application for a temporary restraining order and temporary injunction on behalf of its members. The Union alleged the City and its officials had announced the creation of a new Emergency Medical Services Department to avoid the judgment in *Fenter*, that the functions of the Department are already being performed by classified firefighters in the Fire Department, and the actions of the City and its officials should be enjoined because they violate the Civil Service Act, collective bargaining, and the City Charter. The Union alleged its members were threatened by further injury by the creation of a new department that performs firefighting job functions. The Union asked the 136th District Court to issue a temporary restraining order and a temporary injunction against Relators and their employees from directly or indirectly creating, funding, staffing, advertising, marketing, hiring, recruiting, planning,

promoting, reporting, or furthering in any way an Emergency Medical Services Department without proper authority. The Union asked the 136th District Court to order Williams and White to swear in all medics in the Fire Department who have not already been so sworn, as civil service employees of that Department. The Union asked the 136th District Court to order the City to properly classify the EMT positions that have been occupied in the Beaumont Fire Department since March 2021.

On December 27, 2022, the trial court issued the temporary restraining order as requested by the Union and scheduled a temporary injunction hearing for January 10, 2023. Upon receiving Relators' petition and motion for temporary relief, we temporarily stayed all further proceedings in the trial court and requested a reply from the Union. The Union contends this proceeding is moot because the temporary restraining order expired and was not renewed. Relators contest the suggestion of mootness. They argue we should address the merits of their petition because the Union requests injunctive relief in the trial court and Relators' petition in this Court requests that a writ of prohibition issue to enjoin the trial court from taking actions that implicate the outcome of the superseded judgment.

Relators sought mandamus relief from the temporary restraining order. That order expired without being extended. *See* Tex. R. Civ. P. 680. A temporary restraining order cannot be extended after it expires. *In re Hallas*, No. 03-22-00413-

4

CV, 2022 WL 3650090, at *1 (Tex. App.—Austin Aug. 25, 2022, orig. proceeding) (mem. op.). Accordingly, to the extent Relators requested mandamus relief, the petition is moot. *See In re Abbott*, No. 01-21-00440-CV, 2021 WL 5056616, at *1 (Tex. App.—Houston [1st Dist.] 2021, orig. proceeding) (mem. op.).

An appellate court can protect the subject matter of an appeal by issuing a writ of prohibition that limits or prevents action by a trial court. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682–83 (Tex. 1989) (orig. proceeding). The date set for the temporary injunction passed while this Court's temporary stay was in effect. Unless the trial court sets the Union's application for a temporary injunction for a hearing, we discern no need to issue a writ of prohibition. Accordingly, we lift our order granting temporary relief and deny Relators' petition without prejudice. All pending motions are denied as moot.

PETITION DENIED.

PER CURIAM

Submitted on January 23, 2023
Opinion Delivered March 9, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

5