**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00279-CV**

**IN RE CHANCE PERRY**

_____

**Original Proceeding**
**County Court at Law No. 2 of Orange County, Texas**
**Trial Cause No. E-200480-D**
_____

**MEMORANDUM OPINION**

In this original proceeding, Relator Chance Perry filed a petition seeking mandamus relief to compel the trial court to set aside its order expunging a notice of lis pendens, to prohibit the trial court from ordering a future sale of property awarded to Real Party in Interest Courtney Perry in a divorce decree, and to enjoin Courtney and her attorneys and agents from any activity that would result in the sale of property awarded to her in the divorce decree and to compel any title company that receives sale proceeds to deposit the sale proceeds in the registry of the trial court.

1

Chance also filed a motion for temporary relief in the mandamus proceeding. *See* Tex. R. App. P. 52.10. We deny the petition.

Chance has perfected an appeal from the decree of divorce.[1] Orders contained in the mandamus record state that the trial court held a hearing on Courtney's First Amended Motion to Set Judgment Creditor Security Under Section 24.2 of the Rules of Appellate Procedure or, Alternatively, to Set Judgment Debtor's Bond and Order Necessary Orders Under Section 24.2 of the Rules of Appellate Procedure. After the hearing, the trial court signed several orders.

The trial court enjoined Chance from foreclosing on the property awarded to Courtney while the case is on appeal. The trial court's Order Granting Temporary Injunction Under Rule 24.1(e) or 24.2(d) of the Texas Rules of Appellate Procedure included findings that during the pendency of the appeal Chance intends to foreclose on houses awarded to Courtney in the divorce, Courtney and her children may become homeless or lose the equity in the houses if Chance forecloses on the properties, that Courtney's injury will outweigh any injury to Chance that may occur on issuance of the injunction, that the injunction will not disserve the public interest, that Chance's "intended conduct [] will not change the status quo, which should be

---

[1] The appeal is docketed as Appeal Number 09-23-00227-CV, *Chance M. Perry v. Courtney L. Perry*.

maintained in the public interest[,]" and that a bond in the amount of $20,000 as to each property will fully protect Chance's rights during the pendency of this action.

The mandamus record contains copies of three $20,000 bonds posted by Courtney. On two of the bonds Courtney and her sureties acknowledged they are bound to pay Chance, conditioned that an appellate court determines on final disposition that the sale of the property was improper. On the third bond Courtney and her sureties acknowledged they are bound to pay Chance, conditioned upon the dissolution of the temporary injunction in whole or in part.

The mandamus record contains two orders expunging the notices of lis pendens on three parcels of real property. The second order expunges all notices of lis pendens filed on the described property prior to or on August 25, 2023.

In his petition, Chance argues "[Courtney] tried to frame [Chance's] claims and lis pendens as a collateral interest and merely for the purpose of assuring payment for a judgment, which would be improper. However, [Chance's] lis pendens is for a legitimate claim for unjust enrichment[.]" Elsewhere in his petition, however, Chance states Courtney made a claim for unjust enrichment in the divorce proceeding.

Chance argues the trial court's orders interfere with the appellate court's jurisdiction "as it allows the sale of the property which is the subject matter of this entire litigation." According to Chance, "[i]f the property is sold, it will make this

3

Court's jurisdiction less effective and possibly moot." He argues, "[o]nce the property is sold, it will be difficult, if not impossible, to do [a] valuation of the improvements made by [Chance] on the subject property."

Mandamus may issue to correct a clear abuse of discretion for which there is no adequate remedy by way of appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An appellate court can protect the subject matter of an appeal by issuing a writ of prohibition that limits or prevents action by a trial court. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682-83 (Tex. 1989) (orig. proceeding). An appellate court may issue a writ of injunction to protect its jurisdiction over the subject matter of a pending appeal. *See In re L&S Pro-Line, LLC*, No. 09-21-00174-CV, 2021 WL 4312981, at *3 (Tex. App.—Beaumont Sept. 23, 2021, orig. proceeding) (mem. op.); Tex. Gov't Code Ann. § 22.221(a). In this case, however, after carefully reviewing the petition and the record submitted with the petition, we conclude that Relator has failed to establish that the trial court abused its discretion or that the trial court has interfered with the jurisdiction of the appellate court. Accordingly, we deny the petition. *See* Tex. R. App. P. 52.8(a). We also deny Relator's emergency motion for temporary relief as moot.

PETITION DENIED.

PER CURIAM

Submitted on September 6, 2023
Opinion Delivered September 28, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

4