In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00109-CV


______________________________





IN RE:


PILGRIM'S PRIDE CORPORATION








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Attempting to defend against an on-the-job personal injury claim by former employee Jerrod
Young, Pilgrim's Pride Corporation (Employer), a nonsubscriber to workers' compensation, wishes
to use, in its defense, proposed expert testimony from Gary Wimbish discussing various
manifestations that might be exhibited by a person who has recently used cocaine. On June 5, 2008,
after a pretrial hearing, the trial court ruled that Wimbish's opinion that Young was "intoxicated at
the time of the incident" would not be allowed because it was not scientifically reliable and does not
meet the predicate for admissibility under Rule 702. (1) See Tex. R. Evid. 702.

 Because we find (1) the trial court has not abused its discretion in excluding the testimony
and (2) Employer has an adequate remedy by appeal, we deny the requested relief.

(1) The Trial Court Has Not Clearly Abused Its Discretion in Excluding the Testimony

 Traditionally, a writ of mandamus was available only to compel the performance of a
ministerial act or duty. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (citing Wortham v.
Walker, 133 Tex. 255, 277, 128 S.W.2d 1138, 1150 (1939); Arberry v. Beavers, 6 Tex. 457 (1851);
Helen A. Cassidy, The Instant Freeze-Dried Guide to Mandamus Procedure in Texas Courts, 31 S.
Tex. L. Rev. 509, 510 (1990)). Mandamus also lies where the trial court has clearly abused its
discretion. Walker, 827 S.W.2d at 839-40. A trial court clearly abuses its discretion if "it reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). 

 The only relevant ministerial duty of the trial court was to rule on Young's motion, which
sought to exclude Employer's expert witness. A hearing was held in April 2008, and Wimbish was
allowed to testify at that hearing. On June 5, 2008, the trial court ruled Wimbish's testimony would
be excluded from the upcoming trial. Employer has directed us to no ministerial duty of the trial
court which it failed to perform. Employer argues strongly that the trial court's decision to exclude
was clearly wrong.

 Decisions as to the admission or exclusion of evidence are left to the trial court's discretion. 
In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005). This standard extends to a trial court's admission
or exclusion of expert testimony. Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 718
(Tex. 1998). "The test for abuse of discretion is whether the trial court acted without reference to
any guiding rules or principles." E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558
(Tex. 1995).

 The essence of Wimbish's proffered testimony is that, although Young was not "high" on
cocaine at the time of the accident, Young's recent prior cocaine use rendered him impaired at the
time he operated a pallet jack in such a manner that his lower leg was pinned between the jack and
a rack, resulting in a broken leg and some alleged nerve damage. Young challenges Wimbish's
opinion evidence using four main avenues of attack: (a) the relatively small number of articles cited
by Wimbish, (b) the various conditions or qualifications of those articles arguably not being
applicable to Young's situation, (c) the asserted weakness of evidence that Young had used cocaine
more than one time, and (d) the deficiencies in the three urine samples taken from Young after the
accident. As mentioned above, the trial court ruled, after hearing Wimbish's rather extensive
testimony at the pretrial hearing, that Wimbish's opinion was "scientifically unreliable" and did not
"meet the predicate for admissibility" required by the Texas Rules of Evidence. See Tex. R. Evid.
702. Given the questions raised about the evidence, we believe the trial court's ruling was within
the zone of reasonable disagreement and, thus, was in the discretion of the trial court.

 No abuse of discretion has been shown.

(2) Employer Has an Adequate Remedy by Appeal

 A party seeking mandamus relief must also establish that extraordinary relief is required
because the party has no adequate remedy at law. Mandamus will not issue where there is "a clear
and adequate remedy at law, such as a normal appeal." State v. Walker, 679 S.W.2d 484, 485 (Tex.
1984). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue "only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies." Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989). The requirement that persons seeking mandamus relief establish
the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. Id.

 In addition to Employer's failure to show an abuse of discretion or failure to perform a
ministerial duty, we find that Relator Employer has an adequate remedy at law by way of appeal
should that prove necessary.

 Employer submitted, as part of the record in this mandamus proceeding, a 142-page transcript
of the trial court's hearing on the admissibility of Wimbish's testimony. We presume this transcript
would be available in a post-trial direct appeal. A trial court's ruling on the admissibility of expert
testimony is commonly reviewed on direct appeal for an abuse of discretion. See, e.g., Broders v.
Heise, 924 S.W.2d 148, 151 (Tex. 1996); accord, Penry v. State, 903 S.W.2d 715, 762 (Tex. Crim.
App. 1995).

 In its request for mandamus relief, Employer relies on In re McAllen Med. Ctr., No. 05-0892,
2008 Tex. LEXIS 759 (Tex. Aug. 29, 2008), to support its claim that the trial court order effectively
eviscerated Employer's only defense, attempting to establish that Young's own acts were the
proximate cause of his injuries. In McAllen, the Texas Supreme Court stated that "mandamus relief
is available when the purposes of the health care statute would otherwise be defeated." Id. (2) In that
case, more than 200 plaintiffs alleged negligence on the part of the hospital; the plaintiffs submitted
an expert report. The defendant hospital moved to strike the expert's report; more than four years
after receiving the motion, the trial court denied it. 

 The Texas Supreme Court found the trial court clearly abused its discretion given that the
plaintiffs' expert was not qualified to offer an opinion in support of the plaintiffs' credentialing
claims. As the plaintiffs' only reports supporting the credentialing claims against the hospital were
submitted by a doctor who was not qualified for that purpose, the trial court committed a clear abuse
of discretion by concluding these reports were adequate. Id. We do not, however, find McAllen
relevant to the instant petition. To the extent McAllen extended the availability of mandamus relief,
the Texas Supreme Court clearly limited its holding to healthcare liability cases. As the instant case
involves a non-healthcare personal injury claim, we do not find that McAllen mandates expanding
the reach of extraordinary relief to this case. Finally, we find that Employer has not been "stripped
of its only viable defenses." It can still proffer evidence of Young's alleged drug use and possibly
find an expert the trial court might find scientifically reliable. Either way, the issues presented can
be addressed on appeal, should Young prevail at trial.

 



 We deny the petition for writ of mandamus relief.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 14, 2008

Date Decided: November 17, 2008 

 
1. In its order, the trial court recited that it had considered Young's "motion with appendices
[approximately 1,081 pages in the record], Defendant's response with appendixes [approximately
134 pages in the record], the evidence adduced in open Court at the hearing on said motion, the
argument of counsel [reporter's record of the hearing and argument being 142 pages in the record]
and Rule 702 T.R.E. including the Appellate decisions interpreting such Rule."
2. The McAllen court listed several circumstances where appeal would not provide an adequate
remedy. Such cases include: 


. forcing parties to trial in a case they agreed to arbitrate;

. forcing parties to trial on an issue they agreed to submit to appraisers;

. forcing parties to a jury trial when they agreed to a bench trial;

. forcing parties to trial in a forum other than the one they contractually selected; 

. forcing parties to trial with an attorney other than the one they properly chose;

. forcing parties to trial with an attorney who should be attending the Legislature; and

. forcing parties to trial with no chance for one party to prepare a defense.


Id. at *12-13 (citations omitted). 



was given before the officers had completed processing the routine
tasks associated with a traffic stop. Further, the United States Supreme Court has specifically held
that the voluntariness of consent to search does not require proof of a knowledge of a right to refuse
the search. Schneckloth v. Bustamonte, 412 U.S. 218, 234 (1973). The only evidence in this case
is that Williams was asked for his consent to search, that he was very cooperative, and that he gave
such consent. There was no evidence that such consent was involuntary. This was not an issue
addressed by the trial court in the findings or conclusions. We conclude that the State presented the
requisite proof that Williams voluntarily consented to the search. Based on all of the above reasons,
the substance found was properly seized. Thus, the cough syrup was not the fruit of an illegal search
and seizure and should not have been suppressed. 

IV. Conclusion

 In conclusion, since neither the initial stop nor its duration violated the Fourth Amendment,
Williams' voluntary consent to search his car was not unconstitutionally tainted. The evidence
gathered from his car need not be suppressed under the Fourth Amendment. We therefore reverse
the trial court's order granting the motion to suppress and remand the case to the trial court for
proceedings consistent with this opinion.




 Jack Carter

 Justice


Date Submitted: November 25, 2008

Date Decided: December 23, 2008


Publish

1. Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by
the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Fifth Court of
Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.
2. Initially, Hornback also testified that Williams hesitated when providing answers, but then
recanted his testimony after reviewing his report which stated Williams was "rapidly" answering
questions. 
3. There is no evidence in the record that a pat-down search was conducted.