

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00109-CV
_____

### IN RE:
### PILGRIM'S PRIDE CORPORATION

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Attempting to defend against an on-the-job personal injury claim by former employee Jerrod Young, Pilgrim's Pride Corporation (Employer), a nonsubscriber to workers' compensation, wishes to use, in its defense, proposed expert testimony from Gary Wimbish discussing various manifestations that might be exhibited by a person who has recently used cocaine. On June 5, 2008, after a pretrial hearing, the trial court ruled that Wimbish's opinion that Young was "intoxicated at the time of the incident" would not be allowed because it was not scientifically reliable and does not meet the predicate for admissibility under Rule 702.[1] *See* TEX. R. EVID. 702.

Because we find (1) the trial court has not abused its discretion in excluding the testimony and (2) Employer has an adequate remedy by appeal, we deny the requested relief.

*(1)     The Trial Court Has Not Clearly Abused Its Discretion in Excluding the Testimony*

Traditionally, a writ of mandamus was available only to compel the performance of a ministerial act or duty. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (citing *Wortham v. Walker*, 133 Tex. 255, 277, 128 S.W.2d 1138, 1150 (1939); *Arberry v. Beavers*, 6 Tex. 457 (1851); Helen A. Cassidy, *The Instant Freeze-Dried Guide to Mandamus Procedure in Texas Courts*, 31 S. TEX. L. REV. 509, 510 (1990)). Mandamus also lies where the trial court has clearly abused its

---

[1]In its order, the trial court recited that it had considered Young's "motion with appendices [approximately 1,081 pages in the record], Defendant's response with appendixes [approximately 134 pages in the record], the evidence adduced in open Court at the hearing on said motion, the argument of counsel [reporter's record of the hearing and argument being 142 pages in the record] and Rule 702 T.R.E. including the Appellate decisions interpreting such Rule."

discretion. *Walker*, 827 S.W.2d at 839–40. A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

The only relevant ministerial duty of the trial court was to rule on Young's motion, which sought to exclude Employer's expert witness. A hearing was held in April 2008, and Wimbish was allowed to testify at that hearing. On June 5, 2008, the trial court ruled Wimbish's testimony would be excluded from the upcoming trial. Employer has directed us to no ministerial duty of the trial court which it failed to perform. Employer argues strongly that the trial court's decision to exclude was clearly wrong.

Decisions as to the admission or exclusion of evidence are left to the trial court's discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). This standard extends to a trial court's admission or exclusion of expert testimony. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

The essence of Wimbish's proffered testimony is that, although Young was not "high" on cocaine at the time of the accident, Young's recent prior cocaine use rendered him impaired at the time he operated a pallet jack in such a manner that his lower leg was pinned between the jack and a rack, resulting in a broken leg and some alleged nerve damage. Young challenges Wimbish's

3

opinion evidence using four main avenues of attack: (a) the relatively small number of articles cited by Wimbish, (b) the various conditions or qualifications of those articles arguably not being applicable to Young's situation, (c) the asserted weakness of evidence that Young had used cocaine more than one time, and (d) the deficiencies in the three urine samples taken from Young after the accident. As mentioned above, the trial court ruled, after hearing Wimbish's rather extensive testimony at the pretrial hearing, that Wimbish's opinion was "scientifically unreliable" and did not "meet the predicate for admissibility" required by the Texas Rules of Evidence. *See* TEX. R. EVID. 702. Given the questions raised about the evidence, we believe the trial court's ruling was within the zone of reasonable disagreement and, thus, was in the discretion of the trial court.

No abuse of discretion has been shown.

*(2)      Employer Has an Adequate Remedy by Appeal*

A party seeking mandamus relief must also establish that extraordinary relief is required because the party has no adequate remedy at law. Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989). The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *Id.*

4

In addition to Employer's failure to show an abuse of discretion or failure to perform a ministerial duty, we find that Relator Employer has an adequate remedy at law by way of appeal should that prove necessary.

Employer submitted, as part of the record in this mandamus proceeding, a 142-page transcript of the trial court's hearing on the admissibility of Wimbish's testimony. We presume this transcript would be available in a post-trial direct appeal. A trial court's ruling on the admissibility of expert testimony is commonly reviewed on direct appeal for an abuse of discretion. *See, e.g., Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996); *accord, Penry v. State*, 903 S.W.2d 715, 762 (Tex. Crim. App. 1995).

In its request for mandamus relief, Employer relies on *In re McAllen Med. Ctr.*, No. 05-0892, 2008 Tex. LEXIS 759 (Tex. Aug. 29, 2008), to support its claim that the trial court order effectively eviscerated Employer's only defense, attempting to establish that Young's own acts were the proximate cause of his injuries. In *McAllen,* the Texas Supreme Court stated that "mandamus relief is available when the purposes of the health care statute would otherwise be defeated." *Id.*[2] In that

---

[2]The *McAllen* court listed several circumstances where appeal would not provide an adequate remedy. Such cases include:

. forcing parties to trial in a case they agreed to arbitrate;
. forcing parties to trial on an issue they agreed to submit to appraisers;
. forcing parties to a jury trial when they agreed to a bench trial;
. forcing parties to trial in a forum other than the one they contractually selected;
. forcing parties to trial with an attorney other than the one they properly chose;
. forcing parties to trial with an attorney who should be attending the Legislature; and
. forcing parties to trial with no chance for one party to prepare a defense.

case, more than 200 plaintiffs alleged negligence on the part of the hospital; the plaintiffs submitted an expert report. The defendant hospital moved to strike the expert's report; more than four years after receiving the motion, the trial court denied it.

The Texas Supreme Court found the trial court clearly abused its discretion given that the plaintiffs' expert was not qualified to offer an opinion in support of the plaintiffs' credentialing claims. As the plaintiffs' only reports supporting the credentialing claims against the hospital were submitted by a doctor who was not qualified for that purpose, the trial court committed a clear abuse of discretion by concluding these reports were adequate. *Id.* We do not, however, find *McAllen* relevant to the instant petition. To the extent *McAllen* extended the availability of mandamus relief, the Texas Supreme Court clearly limited its holding to healthcare liability cases. As the instant case involves a non-healthcare personal injury claim, we do not find that *McAllen* mandates expanding the reach of extraordinary relief to this case. Finally, we find that Employer has not been "stripped of its only viable defenses." It can still proffer evidence of Young's alleged drug use and possibly find an expert the trial court might find scientifically reliable. Either way, the issues presented can be addressed on appeal, should Young prevail at trial.

---

*Id.* at *12–13 (citations omitted).

We deny the petition for writ of mandamus relief.


Josh R. Morriss, III
Chief Justice

Date Submitted:     November 14, 2008
Date Decided:       November 17, 2008